## ANDERSON *v.* LINE.[*]

(*Circuit Court, E. D. Pennsylvania.* November 30, 1880.)

MARRIED WOMAN—LIABILITY OF, AS STOCKHOLDER IN NATIONAL BANK.

> A married woman who owns stock in a national bank is not exempt, on account of her coverture, from the liability imposed by the national currency acts upon all stockholders in such banks.

Motion for New Trial and for judgment *non obstante veredicto.*

This was an action by a receiver of a national bank against Jesse M. Line and Mary S. Line, his wife, to recover an assessment levied by the comptroller of the currency upon the stockholders of such bank. On the trial it appeared that the stock was owned by Mary S. Line, and that she was a married woman at the time it was transferred to her. The court directed a verdict for plaintiff, reserving the following point:

"Whether the defendant, Mary S. Line, having been a married woman at the time the shares of capital stock in the First National Bank of Allentown were transferred to her, and ever since, was, notwithstanding her coverture, capable of engaging in the undertaking averred, and liable as a shareholder of the said bank in the manner and form in which she is sought to be charged."

Defendant moved for a new trial and for judgment on the point reserved.

*Preston K. Erdman* and *John Rupp,* for motion.

*John K. Valentine,* U. S. Dist. Atty., *contra.*

On April 28, 1880, the following opinion was delivered by—

McKENNAN, C. J. The right of the plaintiff to recover was resisted upon the ground that the real defendant was a married woman, and was not, therefore, liable. The question of her liability was reserved by the court. She was sued as a married woman by reason of her ownership as such of stock in a national bank, transferred to her by her husband, and a certificate for which was obtained for, delivered to, and held by her.

The court being of opinion that her coverture does not exempt her from the liability imposed by the national currency acts upon all stockholders in national banks, therefore decide the question reserved against the defendant and in favor of the plaintiff, and order judgment to be entered on the verdict in favor of the plaintiff.

[*]Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

On May 1, 1880, the court opened the above judgment, and the case was subsequently reargued.

On November 30, 1880, the court again entered judgment in favor of plaintiff, but without delivering any opinion.