WILLIAM F. SAYLES *et al. vs.* NAHUM BATES *et als.*

A statute provided that members of every incorporated manufacturing company should be liable for all debts of the corporation until the whole capital stock was paid in and certain certificates filed.

*Held,* that this liability extended to all persons who were stockholders when the debt was contracted, and also to all persons who were stockholders when the liability was enforced by legal process, but not to persons becoming stockholders after the debt was contracted and ceasing to be stockholders before the liability was enforced.

Another statute gave to a stockholder paying such debt of the corporation an action for contribution against the stockholders "originally liable" with him for the debt.

*Held,* that all persons who were stockholders when the debt was contracted, and also all persons who were stockholders when the liability for the debt was enforced, could be made to contribute.

Executors and administrators may effectively plead the special statute of limitations of three years in their favor to an action against them for such contribution.

Trustees holding stock in trust are liable to contribute from the trust funds in their hands.

Married women are also liable to contribute, the liability being statutory and incident to the ownership of stock.

No record is required to perfect the transfer of stock, unless such record is required by the the charter or by-laws of the corporation.

When outstanding notes of a corporation were paid by the proceeds of bonds issued by the corporation to others than the note-holders, —

*Held,* that the debt represented by the bonds was contracted as and when the bonds were issued.

BILL IN EQUITY for contribution. On demurrers and pleas to the bill.

*July* 10, 1886. DURFEE, C. J. The case is this: The American File Company of Pawtucket was incorporated by the General Assembly at its May session, A. D. 1863, and immediately organized and began to manufacture files. The stock was owned in Rhode Island and Maryland in about equal parts, and the board of directors consisted equally of Rhode Islanders and Marylanders. Money to carry on the business was raised on the notes of the company indorsed by the stockholders. The business was carried on at a loss, and in 1870 the company was deeply in debt. It was decided to bond the debt, the stockholders contributing in proportion to their stock for its payment, and receiving the bonds of the company severally in the amount contributed. Accordingly bonds to the amount of $190,000 were issued, and the company notes indorsed by the stockholders taken up with the proceeds. Afterwards a number of the bonds came into the possession of Robert Garrett & Sons, of Baltimore, who sued the company thereon in this court, and recovered judgment in the sum of $184,488.27. The certificate required by Rev. Stat. R. I. cap. 128, § 1,[1] and Pub. Stat. R. I. cap. 155, § 1, to relieve the stockholders from individual liabilities, never having been filed, the Garretts threatened to levy execution upon the private property of some of the Rhode Island stockholders; and it being determined, after litigation, that they were entitled to do so,[2] the complainants satisfied the judgment. They bring this suit for contribution; every person who ever was at any time a stockholder in the company, or his personal representative in case of his death, being made a party to the bill. The right to contribu-

---

[1] Rev. Stat. R. I. of A. D. 1857, cap. 128, § 1, is:—

"SECT. 1. The members of every manufacturing company that shall be hereafter incorporated shall be jointly and severally liable for all debts and contracts made and entered into by such company, until the whole amount of the capital stock fixed and limited by the charter of said company, or by vote of the company in pursuance of the charter or of law, shall have been paid in, and a certificate thereof shall have been made and recorded in a book kept for that purpose in the office of the town clerk of the town wherein the manufactory is established, and no longer, except as hereinafter provided."

[2] See *American File Company* v. *Garrett*, 110 U. S. 288.

tion is not disputed, the question being, who of the defendants, if any number less than all, are liable to it.

Our statute imposing the liability was first enacted in 1847. It was copied, with some immaterial verbal changes, from the Massachusetts statute of 1829. See Rev. Stat. Mass. cap. 38, §§ 16, 30, 32. The Supreme Judicial Court of Massachusetts, construing the Massachusetts statute, have decided that the liability extends to all persons who were stockholders when the debt was contracted, and also to all persons who are stockholders when the liability is sought to be enforced, though they may have become such since the debt was contracted; but does not extend to persons who had become stockholders after the debt was contracted, and had ceased to be such before the debt became payable and action was brought. *Holyoke Bank* v. *Burnham,* 11 Cush. 183; *Curtis* v. *Harlow,* 12 Met. 3. See, also, *Mill Dam Foundery* v. *Hovey,* 21 Pick. 417; *Johnson* v. *Somerville Dyeing and Bleaching Company,* 15 Gray, 216. These decisions are entitled to great weight, not only because of the ability of the court, but also because our statute was borrowed from the Massachusetts statute, and should be construed in the same way, unless there is some strong reason for construing it differently. We do not find any such reason, and adopt the Massachusetts construction.

We think that, under the statute, Pub. Stat. R. I. cap. 155, § 23,[1] the liability to contribution is coextensive with the liability for the debt. The section authorizes suit for contribution " against any one or more of the stockholders who were originally liable " with the stockholders suing for the payment of the corporate debt. We understand the words " stockholders originally

---

[1] As follows : —

" Sect. 23. Any stockholder who shall, whether voluntarily or by compulsion, pay any debt of the company for which he is made liable by the provisions of this chapter, may recover the amount so paid in an action of the case against the company, in which action the property of the company only shall be liable to be taken, and not the person or property of any stockholder of the company; or the person who shall have so paid such debt of the company may proceed, in the Supreme Court in equity, for contribution, against any one or more of the stockholders who were originally liable with him for the payment of said debt, and may recover against each of them their just and equitable proportion thereof."

liable " to include all stockholders who were liable for the debt before it was paid by the stockholder suing for contribution, and therefore that all persons who were stockholders when the debt was contracted, and all who were stockholders when proceedings were begun to enforce the liability, are proper contributories.

When two persons are subject to the same liability, namely, the stockholder when the debt was contracted, and the stockholder when the liability is sought to be enforced, the question may arise how, as between the two, the liability shall be discharged. This question has not been argued, and is left undetermined.

A question put in the case at bar is, When was the debt contracted ? We think the debt must be held to have been contracted when the bonds on which the Garretts recovered judgment were issued ; and if the bonds were issued at different times, then that it was contracted at different times, as and when the bonds were issued. We do not think there can be any doubt on this point; for, according to the statement, the promissory notes were taken up with the proceeds of the bonds, and ceased to exist as obligations of the company, and, moreover, the bonds, besides creating a debt of higher grade, were issued, not to the holders of the notes, but to other persons.

Some of the defendants, who are sued as administrators, plead the special provisions of the statutes limiting the time within which actions can be brought against executors or administrators who give notice as required to three years. Pub. Stat. R. I. cap. 205, § 9. We think the plea is good.[1]

Horatio Rogers is one of the defendants. He is sued as trustee, and demurs. We think he is liable as trustee to contribute if he has trust property with which to pay the contribution, the trust property being liable in his hands for the debt under the statute. Pub. Stat. R. I. cap. 155, § 26. And see *Stedman v. Eveleth,* 6 Met. 114; *Mansur v. Pratt,* 101 Mass. 60.

One of the defendants is a married woman, and was such when she became a stockholder. She demurs, denying her liability on the ground that the liability is predicated on contract, and, being

---

[1] *New England Commercial Bank* v. *Stockholders Newport Steam Factory,* 6 R. I. 154 ; *Atwood* v. *Rhode Island Agricultural Bank,* 2 R. I. 191.

a married woman, she was incapable of contracting. We do not think this view is tenable. The liability is a statutory liability, and as such is incident to the ownership of the stock. If a married woman is capable of becoming a stockholder, which is not questioned, she becomes subject to the liability by force of the statute, not by contract, when she becomes a stockholder. *In re Reciprocity Bank*, 22 N. Y. 9.

The bill alleges that William M. Bailey became a stockholder by recorded transfer in 1865, and in 1867 made a general assignment, including his stock, for the benefit of his creditors. The bill does not show that any transfer to the assignee was ever recorded ; but neither does it show that any record was necessary to perfect the transfer. Bailey demurs. We think the demurrer must be sustained. No record was necessary to perfect the transfer unless it was required by the charter or by-laws. Field on Corporations, § 110; *Bishop* v. *Globe. Co.* 135 Mass. 132.

*Decrees accordingly.*

*Arnold Green & Arthur D. Payne*, for complainants.

*Claudius B. Farnsworth, James Tillinghast, Rollin Mathewson, Horatio Rogers, B. B. Hammond, Charles Bradley, Henry B. Whitman*, and *Charles H. Payne*, for respondents.