### WITTERS *v.* SOWLES and Wife.

*(Circuit Court, D. Vermont. November 1, 1887.)*

1. **BANKS AND BANKING—NATIONAL BANKS—LIABILITY OF SHAREHOLDERS—MARRIED WOMEN.**

   Rev. St. U. S. § 5151, provides that "the shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares." *Held*, that this section includes a married woman who holds stock in a national bank, and her separate property can be charged to satisfy an assessment levied upon the shareholders on the insolvency of the bank.

2. **SAME.**

   And the liability of the married woman to respond to such assessment being personal under this section, and the amount sought to be recovered being a sum certain, the remedy to enforce the assessment against the married woman, and to charge her separate property, is an action at law, and not a bill in equity.

3. **SAME.**

   The contracts of a bank are not contracts of the individual stockholders; and where an assessment was made upon the shareholders of a national bank to satisfy a contractual liability, a married woman who held stock in such bank could claim no immunity from the assessment on the ground that she had no legal capacity to contract.

In Equity.

See case between same parties, *ante*, 130.

*Chester W. Witters*, for plaintiff.

*Edward A. Sowles*, for defendants.

WHEELER, J. This bill is brought by the orator as receiver of the First National Bank of St. Albans to charge an assessment to the amount of the par value of 400 shares of the stock of $100 each upon the separate property of the wife, and has been heard on demurrer to the bill. The principal causes of demurrer urged are that neither a married woman nor her property is liable to such assessment, and that the remedy, if any, is at law, and not in equity.

The liability sought to be enforced is created by statute of the United States, which declares that the shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such association to the extent of the par value of their stock in addition to the amount invested in that. Rev. St. U. S. § 5151. In *Doctor Hussey's Case*, 5 Coke, 132, it was agreed by all the judges that a *feme covert* was liable to an action with her husband for the penalty incurred under the statute of 2 Westm. *c*. 35, for abducting and procuring the marriage of a ward against the will of the guardian. And in *Foster's Case*, 6 Coke, 107, it was likewise agreed that a married woman was also liable for the penalty of £20 forfeited to the queen by every person above the age of 16 years for every month of non-attendance at church by force of the statute of 23 Eliz. *c*. 1. And it is laid down by Sergeant HAWKINS that, generally, a *feme covert* shall answer as much as if she were sole, for any offense not capital against the common law or statute; and that if a wife incur the forfeiture of a penal statute, the husband may be made a party to an action or information for the same, as he may be generally to any suit for a cause of action given by his wife, and shall be liable to answer what shall be recovered thereon. 1 Hawk. P. C. 3. The same is stated by Lord BACON, Bac. Abr. "Baron and Feme," G. The provision in the constitution of New York, that the stockholders in every corporation "shall be individually responsible," was held to include a married woman who had stock in a state bank. *In re Bank*, 22 N. Y. 9. This case is cited with approval by the supreme court of Rhode Island, and a married woman holding stock held liable under a statute of that state making stockholders in corporations, generally, responsible. *Sayles* v. *Bates*, 5 Atl. Rep. 497. This married woman appears, upon these books and cases, to be personally holden for this assessment if she is in fact a shareholder Sound reasoning appears to lead to the same conclusion, for the statute declaring the liability makes no distinction or exception among those who are shareholders, except as to those holding the stock as executors, administrators, guardians, or trustees, and that exception has no application to this case. Rev. St. § 5152. The common law as to the rights of a husband in his wife's personal property, generally, and as to her right to separate property, prevailed in Vermont, where this bank was located and all the parties resided, when this liability accrued, if at all. The statutes of the state provided that stocks or bonds given by a parent to a daughter should belong to the daughter, if married, in her own right. That statute, however, does not extend to this case, for this stock was not given to this woman by her parent.

Rev. Laws Vt. § 2323. But married women have, independently of any statute, always been held to be capable of holding stocks of corporations, as well as other choses of the same nature, in their own right, in Vermont. *Porter* v. *Bank*, 19 Vt. 410; *Stearns* v. *Stearns*, 30 Vt. 213; *Richardson* v. *Merrill*, 32 Vt. 27; *Caldwell* v. *Renfrew*, 33 Vt. 213; *Howard* v. *Bank*, 40 Vt. 597; *Curtis* v. *Hapgood*, (cited by BARRETT, J.,) 43 Vt. 228. The laws of the United States make no provision as to the capacity of persons to take and hold stock in national banks. Such capacity is left to be determined by the laws of the states where the stock is taken and held. *Lorillard* v. *Oil Co.*, 18 Blatchf. 199, 2 Fed. Rep. 902; *Fetter* v. *Newhall*, 21 Blatchf. 445, 17 Fed. Rep. 841.

The principal argument against the liability is that it rests upon contract, and that, at the time in question, in Vermont the contracts of married women were left as at common law, and were wholly void. The act of 1884, authorizing married women to make contracts generally, had not then been passed. Laws Vt. 1884, p. 119. It is true that the liability does rest upon contract, but not upon the contract of the stockholder. The contract is made by the bank when the liability of that for which the assessment is required is created. The stockholders have no part in that contract. The affairs of the bank are managed by the directors, and its contracts are made by them, or pursuant to their authority. When those contracts are made, the statute binds the stockholders to them to the extent of the par value of their stock. *Richmond* v. *Irons*, 121 U. S. 27, 7 Sup. Ct. Rep. 788. If the stockholder was present and objected, the liability would be no less. The shareholders generally become such by contract, but the liability does not accrue then. They place themselves where the law makes them liable when the banks make contracts: and any one may do that who is capable of becoming a stockholder, and married women in Vermont have, and always have had, that capacity.

The conclusion follows that under the laws of the United States and of the state this married woman is the shareholder of these shares, and as such became responsible for the debts of the bank for which this assessment is wanted, and by the action of the comptroller became personally liable for the assessment. The question remains whether this liability can be enforced by this suit in equity.

It is said by Mr. Justice GRAY, in *Price* v. *Abbott*, 17 Fed. Rep. 506, that actions to recover such assessments are suits at common law. The amount of the assessment is conclusively fixed by the comptroller of the currency. *Kennedy* v. *Gibson*, 8 Wall. 498; *Casey* v. *Galli*, 94 U. S. 673. There is no marshaling of assets or liabilities to be had in court. Nothing is sought but the recovery of a sum certain of money. For this a judgment at law is a plain, adequate, and complete remedy, and the statute would seem to exclude a suit in equity for it. Rev. St. § 723. But whether a suit in equity can be maintained or not for less than the par value of the stock, it seems to be well settled that a suit for the full amount, in the federal courts, against ordinary persons, must be at law. *Casey* v. *Galli*, 94 U. S. 673. This suit should therefore have been at

law, unless there is some relief against the property of the married woman defendant which may be had in this proceeding, and which a court of law could not give. At law, judgment would be rendered against her, with or without her husband, as should be proper, on which execution would issue, by virtue of which her property liable to execution could be taken. If, however, her separate property can be charged in equity for her personal liabilities, still this proceeding might be upheld. Many suits in equity have been maintained to reach the separate property of married women where there was no personal liability, but none has been cited or observed where the aid of a court of equity has been had to charge their separate property with any liability for which they were personally holden. In *Biscoe* v. *Kennedy*, 1 Brown, Ch. 18, note, the orator first brought a bill to charge the separate property of the married woman in the hands of a trustee with a debt contracted by her while sole, without bringing suit at law. The bill was dismissed. Then a suit at law was brought, which was prosecuted to outlawry of the husband, and a bill filed to reach the property of the wife in the hands of her trustee, which could not be taken in execution. This suit succeeded. The cases where the separate property of a married woman has been charged in equity have proceeded upon the ground that the property itself had been benefited in some way, so that in equity it ought to respond; or that credit had been given to it, so that it ought to answer the debt. In this case there is no ground to pretend that the bank in any manner benefited the property sought to be reached, so that it ought to respond on that ground.

The property of married women has been holden to be the means of credit, because, being their own separate property, they had the disposition of it in any manner they should see fit, and had, expressly or impliedly, so dealt in respect to it that in equity the property ought to go in satisfaction of the debt charged upon it. In England, the mere contract of a married woman having separate estate was held to be an implied appointment of the estate to satisfy the engagement, because she could bind only that; and, as it was to be presumed that she intended to bind something by her entering into the engagement, it would be presumed that she intended to bind that. Therefore her property was held to satisfy her engagement as surety for others, without other evidence of an intention to charge it. *Hulme* v. *Tenant*, 1 Brown, Ch. 16; *Murray* v. *Barlee*, 3 Mylne & K. 209; *Owens* v. *Dickenson*, Craig & P. 48. In this country, while her separate property may be charged by her dealings in respect to it, her general personal engagement does not appear to be sufficient to charge it. *Partridge* v. *Stocker*, 36 Vt. 108; *Frary* v. *Booth*, 37 Vt. 78; *Stephen* v. *Beall*, 22 Wall. 329. Therefore, when her engagement is that of a mere surety, her separate property is not holden. *Yale* v. *Dederer*, 18 N. Y. 265; *Willard* v. *Eastham*, 15 Gray, 328; *Dale* v. *Robinson*, 51 Vt. 20.

The liability sought to be enforced in this proceeding is in its nature that of a surety. The bank is the principal in contracting the debts to meet which, or the balance of which, after exhausting its assets, the as-

sessment is made. The shareholders have no interest in the making of the debts, except as they may be interested in the fate of their stock. But the statute binds them for the bank. Upon the principles of those American cases, the property of married women would not be specifically charged with such liability. And if the principles of the English cases prevailed here, they would not affect such separate property. The married women, when stockholders, have no part in creating the liability; therefore there is no ground to infer an intention to charge their separate property because they are presumed to make something liable for any debts created by them. The liability is forced upon them by the statute, and there is no entering into it by them from which any presumption of an appointment of their separate property to satisfy it can be drawn. The liability is purely personal, and is entirely separated from the property, except as that may be reached to satisfy the personal judgment. The remedy appears to be at law, the same as it is for any cause of action accruing against a married woman. A married woman could not at that time be sued at law in Vermont apart from her husband. If he could not be made liable with her, that might be a ground for proceeding in equity against her where there might be a decree against her without him. But the common law cast upon the husband all the obligations of the wife, however arising, and there is no defect in procedure at law on this account. 2 Kent, Comm. 143.

There is no ground to be found for maintaining this bill; therefore it must be dismissed.

Let there be a decree sustaining the demurrer, and dismissing the bill of complaint for want of jurisdiction in equity.