WITTERS *v.* SOWLES *et ux.*

(*Circuit Court, D. Vermont.* July 21, 1888.)

BANKS AND BANKING—NATIONAL BANK—SHAREHOLDERS—MARRIED WOMEN.
Rev. St. U. S. § 5151, providing that shareholders of national banks shall be responsible "for all contracts, debts, and engagements of such association to the extent of the amount of their stock therein," applies to a married woman who is such a shareholder, and she is liable for an assessment upon stock held by her, whether she acquired the same by subscription, purchase, bequest, or otherwise. Following 32 Fed. Rep. 767.

At Law.

Action by Chester W. Witters, receiver, etc., against Edward A. Sowles and Margaret B. Sowles, his wife, to recover an assessment on bank stock held by the latter.

*Chester W. Witters*, for plaintiff.
*Edward A. Sowles* and *Kittredge Haskins*, for defendants.

WHEELER, J.    This suit is brought to recover an assessment equal to the par value on 400 shares of $100 each in the First National Bank of St. Albans, of which the plaintiff is receiver, held by the *feme* defendant. The defendants have demurred to the declaration, and the cause has been heard on that demurrer.   The plaintiff first brought a bill in equity against these defendants to enforce this liability.   The defendants demurred to the bill on the ground that a married woman could not be holden for such an assessment; and that, if she could, the remedy in that case would be at law, and not in equity.   The question of her liability was then examined, and held to exist, but the nature of it was found to be such that there was no jurisdiction in equity to enforce it, and the bill was dismissed for that reason.   32 Fed. Rep. 767.   The defendants insist again, here, that this liability rests upon contract; that the contracts of married women, in Vermont, at the time when the liability accrued, if at all, were wholly void, and that therefore no liability was created.   Some books and cases not referred to before have been produced now, and the subject has been re-examined. . That the liability for such an assessment rests upon contract, and not upon any incurring of a penalty or tort, is true, (*Richmond* v. *Irons*, 121 U. S. 27, 7 Sup. Ct. Rep. 788;) and that married women could not at that time by their mere contracts bind themselves to the payment of money, in Vermont, is also true.   But the contracts sought to be enforced are the contracts of the bank, and not those of this *feme*, or any other shareholder.   Without the statute she would not be liable in this direction at all.   That makes the shareholders of every national banking association responsible "for all contracts, debts, and engagements of such association to the extent of the amount of their stock therein."   Rev. St. U. S. § 5151.   The contract is the contract of the bank; the shareholders have nothing whatever to do about making it. The law annexes their obligations by its own force; no act or capacity to act on their part is required.   The declaration well sets forth that the *feme* defendant was the shareholder of these shares, and that proper proceedings were taken to fix this liability.   These facts are admitted by the demurrer.   The declaration, therefore, sets forth a good cause of action, if married women are included by the general words of the statute.   That they are included is shown by the case of *The Reciprocity Bank*, 22 N. Y. 9; *Sayles* v. *Bates*, 5 Atl. Rep. 497; and *Hobart* v. *Johnson*, 19 Blatchf. 359, 8 Fed. Rep. 493.   By taking the position of a shareholder she placed herself within reach of the statutory obligation. She could become a shareholder in various ways: by subscribing for the stock; by purchasing it; or by accepting it as a gift or bequest.   The mode of acquisition would make no difference.   Assent, at least, is required to becoming a stockholder in any manner; and that is sometimes referred to in connection with this liability.   This reference is not, however, understood to signify that the assent or contract involved in becoming a shareholder is of any materiality beyond accomplishing that

relation. No agreement to become liable, or protest against liability, would add to or take from the statutory obligation, and no contract or assent is involved beyond what is necessary to acquire the stock. Consequently no capacity would be required outside of what would be sufficient for that. This liability is an incident to holding the shares, like that to pay taxes on them. The coverture does not appear to afford any exception from either. Many cases have been referred to in argument bearing upon the manner in which married women and their property may become bound, and how they may be proceeded against; but as this case is not understood to rest upon any contract of the *feme* defendant, they do not appear to have any important part in determining the questions involved, and are not further referred to. The relation of shareholder, admitted by the demurrer, appears to carry with it the liability of the defendants. The demurrers must therefore be overruled. On motion of the defendants, however, leave to withdraw the demurrer and replead is granted. Demurrers overruled, with leave to defendants to withdraw them and replead by August 10th next.