FOSTER v. LINCOLN et al.

(Circuit Court, D. Vermont. May 19, 1896.)

NATIONAL BANKS—LIABILITY OF STOCKHOLDERS—TRANSFER OF STOCK.

> One C. was the holder of stock in the D. National Bank, and was also an officer of the L. Bank, which held stock in the D. Bank. In the latter capacity, he was informed of an urgent demand upon the L. Bank to send $5,000 by telegraph in aid of the D. Bank. Within a week after this demand, L. transferred his stock in the D. Bank, without consideration, to his five children, one of whom was a married woman and two minors. Within five months thereafter, the D. Bank failed, and an assessment was made on the stockholders. Held, that the transfer must have been made by L., in contemplation of the liability, and that both he and his transferees were liable for the assessment, the latter because the liability was cast upon them by law when they became stockholders.

W. L. Burnap, for orator.
C. A. Prouty, for defendants.

WHEELER, District Judge. The defendant Benjamin F. Lincoln was president of the National Bank of Lyndon, Vt., and held 25 shares in the First National Bank of Deming, N. M., his bank

held 50 shares, and other individuals and banks in his vicinity held shares. On September 15, 1891, a telegram came to the Lyndon bank urgently calling for $5,000 to be sent by telegraph in aid of the Deming bank, and which came to the knowledge of the defendant, and was considered by him and others. On September 21st he transferred his stock in the Deming bank in equal parts to his five children, the other defendants, one of whom was a married woman, two of whom were minors, and all of whom were irresponsible for assessments on it. He has testified that he had contemplated giving them property, for which they began to ask, and that he said to them: "I have $5,000 in New Mexico bank stock. I will give you $1,000 each." And the transfer was made without other consideration. The bank, according to the testimony of the cashier, had never been solvent, was badly insolvent, with liabilities of about $150,000 to depositors and other banks at that time, and on February 3, 1892, failed. The plaintiff is receiver, and has brought this suit to recover an assessment of 82 per cent. laid by the comptroller of the currency.

The national bank law provides that "the shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such association." Rev. St. U. S. § 5151. This liability of the shareholders attaches when the contracts, debts, and engagements of the bank are entered into. Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788; Witters v. Sowles, 32 Fed. 767. Such stock is transferable "on the books of the association in such manner as may be prescribed in the by-laws or articles of association. Every person becoming a shareholder by such transfer shall, in proportion to his shares, succeed to all the rights and liabilities of the prior holder of such shares; and no change shall be made in the articles of association by which the rights, remedies, or security of the existing creditors of the association shall be impaired." In Johnston v. Laflin, 103 U. S. 804, Mr. Justice Field, in speaking of the entry of the transfer on the books of the bank, said: "It is necessary to protect the seller against subsequent liability as a stockholder." Creditors of the bank, when becoming such, have a right to rely upon the responsibility of the shareholders, as shown by the books, at that time. Id. The defendant Benjamin F. Lincoln appears to have been under liability to the creditors of the bank when this transfer was made. These statutes seem to intend that this liability should not be impaired by transfer, and especially should it not be by a transfer merely voluntary. As a bank man he must have known of this liability, and he had warning of the straits of the bank by the telegram six days before the transfer. In these circumstances he must have made the transfer in contemplation of this liability, although he did not know what it would amount to, and hoped, and perhaps expected, it would not amount to anything. Had the transfer been made, on adequate consideration for such shares in a solvent bank, to a purchaser without the warning he had, the sale would probably be voidable, at the instance of the purchaser, for the de-

ceit. The transfer should be so now at the instance of the creditors, represented by the receiver. Bowden v. Johnson, 107 U. S. 251, 2 Sup. Ct. 246. He has died since the case was ready for hearing, and his personal representatives have entered to defend. The assets in their hands are liable as he would have been. Rev. St. U. S. § 5152. The other defendants are liable because the liability was cast upon them by law when they became stockholders.

Decree for the plaintiff.