AMERICAN TRUST COMPANY, RECEIVER OF SECURITY SAVINGS BANK, v. W. L. JENKINS, W. D. WILKINSON, E. R. SMITH, W. H. WEBSTER ET AL.

(Filed 18 May, 1927.)

1. **Banks and Banking—Double Liability—Transfer of Shares of Stock —Registration—Notice.**

   Depositors and creditors have a right to look to those whose names appear on the books of the bank as having stock therein for the amount of the statutory liability, 3 C. S., 219(a), and a person having stock issued to him in his own name, and it so appears upon the books, cannot escape such liability on the ground that in fact he held said stock as trustee for an undisclosed *cestui que trust*, and that the officers of the bank knew of the trusteeship, since notice to the officers of the bank is not notice to the depositors and creditors thereof.

2. **Same—Shares of Stock—Vendor and Purchaser—Sales—Notice.**

   It is required of a person selling shares of stock of a bank to escape personal liability under the provisions of 3 C. S., 219(d), to surrender the possession of the shares to be transferred to the proper officials of the bank in order that they may be properly transferred on the books to the purchaser.

**3. Same—Principal and Agent.**

Where the laws under which a corporation transfers its shares of stock requires that the transfer from seller to the purchaser be in person by the seller, or authorized in writing, the purchaser as. agent for the seller in this respect must conform to this requirement.

**4. Same—Leaving the Certificates with the Bank for Purposes of Transfer.**

In order to require of the proper officers of the bank to transfer its shares from one appearing upon its books as an owner to the purchaser, the one having authority to do so must meet every reasonable requirement of the bank, and his failure to leave with its officers the shares in question for them to make the transfer requested will not relieve the one whose name appears on the books as the owner from personal liability provided by statute.

APPEALS by plaintiff and defendants W. D. Wilkinson and W. H. Webster from *Lyon, J.,* at October Special Term, 1926, of MECKLENBURG. Judgments affirmed in appeals of defendants; error in appeal of plaintiff.

Action by receiver of an insolvent bank to recover of each of the defendants the full amount for which he is individually responsible, by reason of his statutory liability as a stockholder in said bank. 3 C. S., 219 (a).

The defendants W. D. Wilkinson, E. R. Smith, and W. H. Webster filed separate answers to the complaint, in which each denied liability upon the allegations of his further answer and defense. The issues raised thereby were tried separately, pursuant to an order of severance.

From judgments that plaintiff recover of defendant W. D. Wilkinson the sum of $1,000, and of defendant W. H. Webster the sum of $2,000, the said sums being the amounts, respectively, of the par value of the shares of stock owned by each of said defendants, as shown by the stock register of said bank, both defendants appealed; from judgment that plaintiff recover nothing of defendant E. R. Smith, plaintiff appealed.

These appeals were heard and considered together by the Supreme Court. The questions presented for decision appear in the opinion below.

*Whitlock, Dockery & Shaw for plaintiff.*

*·Taliaferro & Clarkson for defendant W. D. Wilkinson.*

*T. L. Kirkpatrick, J. A. Lockhart, and G. B. Watkins for defendant E. R. Smith.*

*Jake F. Newell for defendant W. H. Webster.*

CONNOR, J. The Security Savings Bank, a corporation organized and doing business under and by virtue of the banking laws of North Carolina, with its principal office and place of business in Mecklenburg

County, was duly adjudged insolvent during the month of August, 1924; plaintiff, American Trust Company, was thereupon appointed receiver of said bank by the Superior Court of Mecklenburg County; it is now engaged in the performance of its duties as such receiver.

The assets of said Security Savings Bank, all of which have passed into the hands of the receiver, are not sufficient to pay the claims of depositors and other creditors of said· bank and the expenses of the receivership; it is necessary for the receiver to collect from each of the stockholders of said bank the full amount for which he is individually responsible by reason of his statutory liability, 3 C. S., 219 (a). Some of the stockholders, upon demand of the receiver, have paid the amounts for which they are liable; this action was begun by the receiver to recover judgments against those of the stockholders who have failed or refused to pay the amounts for which they are individually responsible.

The defendants W. D. Wilkinson, E. R. Smith, and W. H. Webster filed answers to the complaint; each of said defendants admitted in his answer, or upon the record, that the receiver is entitled to recover of each of the stockholders of the Security Savings Bank an amount equal to the par value of the shares of stock in said bank owned by him, in order that he may have in hand funds with which to pay the claims of depositors and other creditors · of said bank and the expenses of the receivership; each, however, denies that he was a stockholder of said bank at the time it was adjudged insolvent.

Defendant W. D. Wilkinson, in his answer, admits that the books of the Security Savings Bank show that he is the absolute owner of ten shares of the capital stock of said bank, and that a certificate for said shares was issued to him, and is now outstanding; he denies, however, that he is the owner of said shares. In his further answer and defense to plaintiff's cause of action, as set out in the complaint, he alleges that said shares of stock were transferred, on or about 16 April, 1924, by one R. L. Goode to him as trustee· for the Carolina Automobile Company, in part payment of the purchase price of an automobile sold to said Goode by the said automobile company; that the active officers of said bank knew that said shares of stock were the property of the Carolina Automobile Company, and not the property of defendant; and that the certificate for said shares of stock was issued to defendant at his request, and in his name by the officers of the bank, with actual notice that said shares were held by him as trustee for said Carolina Automobile Company.

Upon the foregoing admissions in his answer, the court was of opinion that plaintiff was entitled to recover judgment upon the pleadings against defendant W. D. Wilkinson, as prayed for in the complaint, notwithstanding the facts alleged in the further answer and defense

thereto. Defendant W. D. Wilkinson, upon his appeal to this Court, assigns as error the judgment rendered by the court, upon the motion of plaintiff, in accordance with its opinion as aforesaid.

It is provided by statute, with reference to corporations organized and doing business under the banking laws of this State, that "persons holding stock as executors, administrators, guardians, or trustees shall not be personally subject to any liabilities as stockholders, but the estate or funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust fund would be, if living and competent to hold stock in his own name." 3 C. S., 219 (c).

In *Smathers v. Bank,* 155 N. C., 283, it was held that by reason of this statute, a person to whom a certificate for shares of the capital stock in a bank was issued, showing on its face that he held the said shares as trustee for a *cestui que trust,* also named in the certificate, is not liable personally as a stockholder in an action by the receiver of the bank to recover judgment upon the statutory liability of stockholders. It is said in the opinion: "This act is conclusive as to the nonliability of the trustee, Lewis Maddux, for the stock liability upon the shares of which his wife was the beneficial owner. There being no evidence to rebut the ownership of the stock being in Mrs. Maddux, according to the tenor of the certificate, the holding of the court that Lewis Maddux was the owner, viewed as a finding of fact, is reviewable, and considered as a conclusion of law, is erroneous." In that case the certificate was issued to "Lewis Maddux, trustee for Lauretta Maddux, his wife." It was held that Lewis Maddux was not liable personally, but that his wife, Lauretta Maddux, was liable to the receiver.

The question as to whether a person who appears upon the books of a bank to be the absolute owner of shares of stock therein, and to whom a certificate has been issued accordingly, may escape personal liability as a stockholder by showing that he holds said shares of stock as trustee for another, has not heretofore been presented to this Court for decision. However, the question has arisen in other jurisdictions upon statutes similar in their provisions to our statute. U. S. Comp. Stat., 9690, R. S., 5152.

In *Kerr v. Uhrie,* 86 Md., 72; 37 Atl., 789; 63 Am. St. Rep., 493; 38 L. R. A., 119, it was held that a person whose name appears on the books of a national bank as the absolute owner of stock in said bank is subject to liability as a stockholder, although such person holds the stock as trustee. It is said in the opinion in that case: "If persons were allowed to subscribe for stock in a national bank, or in any other corporation where a personal liability attaches, either as an attorney for an unnamed principal, as self-appointed trustee for some unnamed *cestui*

TRUST CO. *v.* JENKINS.

*que trust,* or as attorney for an unnamed infant of tender years, and when called upon to pay the debts of the bank to the extent of the stock subscribed, could escape liability by simply declaring that they represented in some capacity those who are legally or otherwise incapacitated, the law would be a dead letter, and the creditors of these associations, which are found in great numbers in every state, would be deprived of the only means provided by law for the payment of claims."

In *Adams v. Clark* (Colo.), 85 Pac., 442, it is said: "In those jurisdictions where statutes have been enacted providing that persons holding shares as executors, administrators, conservators, guardians, or trustees shall not be subject to liability as stockholders, it is held that to protect such persons from personal liability it must appear on the books of the corporation that the holding is in such capacity."

In *Davis v. First Baptist Society,* 44 Conn., 582; Fed. Cas. No. 3633, it is said: "Creditors have a right to know who have pledged their individual liability. If trusteeship does not appear upon the books of the bank, they have the right to infer that the stockholder is personally liable. If a trustee wishes to disclose his trusteeship, there is no difficulty in giving notice upon the books of the bank. If he does not disclose his trusteeship, he is guilty of laches, for which others should not suffer. The settlement of the affairs of an insolvent bank would be rendered a matter of great labor, expense, and delay if persons who appeared upon the books of the bank as individual stockholders were permitted to relieve themselves by proving that they held the stock as executors, or guardians, or trustees."

In *Sherwood v. Illinois Trust and Savings Bank* (Ill.), 62 N. E., it is said: "A creditor is entitled to hold him liable as a stockholder who appears to be the legal owner of the stock, and this is true although it may be that there has been a transfer of the stock which has not been entered on the books of the corporation. Thomp. Liab. Stockh., sec. 178; 2 Mor. Priv. Corp., sec. 852. On the same principle, one who stands upon the books of the corporation as a stockholder may be proceeded against for the recovery of any sum upon the stock, although he in fact holds such stock as trustee for another."

The law is stated in 7 C. J., at page 770, as follows: "The statute provides that persons holding stock as executors, administrators, guardians, or trustees shall not be personally subject to any liabilities as stockholders, and this provision is held to refer not only to trustees appointed by will, or by order of a court or of a judge, but to any trust relation, however created. But the exemption is limited to cases of express and active trusts, where there is a probability of some estate to respond to the liability; it does not apply where the bank's records show an unincumbered title in the alleged trustee." See *Flynn v. American*

*Banking and Trust Co.* (Me.), 69 Atl., 771; 19 L. R. A. (N. S.), 428, where it is held that one cannot avoid his statutory liability for the debts of the corporation by adding the word "trustee" to his name as it stands upon the stock book of the corporation as a stockholder therein.

All the decisions in other jurisdictions' are to the effect that a person holding shares of the capital stock of a bank as trustee for another, is not relieved of statutory liability to creditors of the bank, by virtue of statutes similar to 3 C. S., 219 (c), where the stock register of the bank, or the certificates issued for said shares, fails to disclose the trusteeship. These decisions are well supported by the opinions of the several courts by which they were made. We therefore hold that no person who appears upon the records of a bank as a stockholder therein is relieved of personal liability under 3 C. S., 219 (a), by virtue of the provisions of 3 C. S., 219 (c), unless the said record, or the stock certificate issued to him, shows that he holds the said stock as trustee for a *cestui que trust* named on the record or in the certificate.

It is immaterial when the rights of depositors and creditors of the bank are involved that its officers had notice of the trusteeship. The liability imposed by statute upon stockholders of a bank is for the benefit of depositors and creditors, and not of the bank. *Smathers v. Bank,* 155 N. C., 283. Notice to the bank is not necessarily notice to depositors or creditors.

There is no error in the judgment from which defendant W. D. Wilkinson has appealed to this Court. It is affirmed.

Defendant W. H. Webster, in his answer to the complaint, denied that he was a stockholder of Security Savings Bank at the time plaintiff was appointed as receiver of said bank. Issues arising upon his further answer and defense to the cause of action set out in the complaint were submitted to the jury. Upon evidence to which there were no objections, the jury found that defendant W. H. Webster, in good faith, sold the 20 shares of the capital stock owned by him and standing in his name on the books of the bank, on and prior to 12 October, 1923, and delivered the certificate therefor to H. L. Hopkins, more than sixty days prior to the insolvency of said bank, as alleged in the answer; and that said shares of stock were not transferred on the books of the bank from defendant to said Hopkins or to his assignee. The court thereupon held as a matter of law that defendant is indebted to plaintiff in the sum of $2,000, the par value of said shares of stock. Defendant excepted to the judgment rendered upon the verdict and upon the admissions in the answer, and on the record, and upon his appeal to this Court assigns same as error.

Defendant admits that he was, on and prior to 12 October, 1923, a stockholder of Security Savings Bank, owning 20 shares of its capital

stock, as shown by the records of said bank, and by the certificate issued to him therefor. He was not relieved of his statutory liability as such stockholder by the sale of such stock. He remained subject to such liability so long as such shares of stock stood in his name upon the books of the bank. He could be relieved of such liability only by a transfer of such shares to a purchaser, in accordance with the provisions of the statutes. 3 C. S., 219 (d). It is therein provided that "no person who has in good faith, and without intent to evade his liability as a stockholder, transferred his stock on the books of the corporation to any person of full age, previous to any default in the payment of any debt or liability of the corporation, shall be subject to any personal liability on account of the nonpayment of such debt or liability of the corporation, but the transferee of any stock so transferred previous to any default shall be liable for any such debt or liability of the corporation to the extent of such stock, in the same manner as if he had been such owner at the time the corporation contracted such debt or liability: *Provided,* that no transfer of the shares of stock of an insolvent State bank, made within sixty days prior to its suspension, shall operate to release or discharge the assignor thereof, but shall be prima facie evidence that such stockholder assigned the same with knowledge of the insolvency of such bank and with an intent to evade the liability thereon."

There is no error in the judgment from which defendant W. H. Webster has appealed to this Court. It is affirmed.

Defendant E. R. Smith, in his answer to the complaint, denied that he was a stockholder of Security Savings Bank at the time plaintiff was appointed receiver of said bank. Issues arising upon his further answer and defense to the cause of action set out in the complaint were submitted to the jury. The jury found from the evidence, as appears from their verdict, that defendant E. R. Smith, in good faith, sold the ten shares of the capital stock of said bank, owned by him and standing in his name upon the books of the bank, on and prior to 30 November, 1923, to one E. P. Gatling more than sixty days prior to the insolvency of the Security Savings Bank, as alleged in the answer; that the said shares of stock were not transferred on the books of the bank from said defendant to the said Gatling; that said Gatling, more than sixty days prior to the insolvency of said bank, presented the certificate for said stock to the officers of said bank and requested that said certificate be transferred on its books, but that said Gatling, after making such request, refused to leave said certificate with the officers of said bank in order that said transfer might be made.

Plaintiff moved for judgment upon the verdict, and excepted to the refusal of the court to allow said motion. The court was of opinion

that upon the verdict defendant is not indebted to plaintiff by reason of liability as a stockholder, under the statute. Plaintiff excepted to the judgment rendered upon the verdict and in accordance with the opinion of the court, and upon its appeal to this Court assigns same as error.

In *Whitney v. Butler,* 118 U. S., 655; 30 L. Ed., 266, *Mr. Justice Harlan* says: "In nearly all the cases cited in the opinion of the circuit judge in support of his judgment, where the issue was between the receiver, representing the creditors, and the person standing on the register of the bank as a stockholder, it is said, generally, that the creditors of a national bank are entitled to know who, as shareholders, have pledged their individual liability as security for its debts, engagements, and contracts; that if a person *permits* his name to appear *and remain* in its outstanding certificates of stock and on its register, as a shareholder, he is estopped, as between himself and the creditors of the bank, to deny that he is a shareholder; and that his individual liability continues until there is a transfer of the stock on the books of the bank, even where he has in good faith previously sold it and delivered to the · buyer the certificate of stock, with a power of attorney in such form as to enable the transfer to be made. Some of the cases hold that the seller is liable as a shareholder even where the buyer agreed to have the transfer made on the books of the bank, but fraudulently or negligently failed to do so. But it will be found, upon careful examination, that in no one of the cases in which these general principles have been announced, as between creditors and shareholders, does it appear that the precaution was taken, after the sale of the stock, to surrender the certificates therefor to the bank itself, accompanied (where such surrender was not made by the shareholder in person) by a power of attorney, which would enable its officers to make the transfer on the register. The position of the seller, in such case, is analogous to that of a grantor of a deed deposited in the proper office to be recorded. The general rule is that the deed is considered as recorded from the time of such deposit. Where the seller delivers the stock certificate and power of attorney to the buyer, relying upon the promise of the latter to have the necessary transfer made, or where the certificate and power of attorney are delivered to the bank without communicating to the officers the name of the buyer, the seller may well be held liable as a shareholder until, at least, he shall have done all that he reasonably can do to effect a transfer on the stock register."

This case has been frequently cited as an authority upon the questions involved, and is regarded as the leading case on this subject. See Rose's Notes, Vol. 11, page 198. In *Richmond v. Irons,* 121 U. S., 27; 30 L. Ed., 864, it is held that the rule laid down therein is not applicable

where there is no proof that the certificate, with power of attorney for its transfer, was delivered to the bank, with request that it be transferred on its books.

In the instant case, it appears from the verdict that the certificate for the shares of stock sold by defendant to E. P. Gatling was not delivered or surrendered to the bank at the time its officers were requested to transfer the same on the books of the bank from the defendant to the purchaser. Without such delivery or surrender, the officers of the bank were without authority to make the transfer. It cannot be held as a matter of law, upon the facts established by the verdict herein, that defendant, or his vendee acting as his agent for that.purpose, did all that he reasonably could do to effect a transfer of the stock, and that defendant was therefore relieved of his statutory liability as a stockholder in the absence of an actual transfer of his stock upon the books of the bank.

There was error in the refusal to allow plaintiff's motion for judgment upon the verdict, and also in the judgment of the court as rendered upon the verdict. The judgment is reversed; the action is remanded, that judgment may be entered in the Superior Court of Mecklenburg County upon the verdict, and upon the admissions in the answer and on the record, in accordance with this opinion.

Upon the appeals of defendants W. D. Wilkinson and W. H. Webster, the judgments are affirmed.

Upon the appeal of plaintiff there is error; the judgment is reversed, and the action remanded for new trial.