## CORPORATION COMMISSION OF NORTH CAROLINA et al., v. FRED P. LATHAM.

(Filed 23 September, 1931.)

**Banks and Banking H a—Defendant held not liable for statutory assessment of bank stock under the facts of this case.**

Where the owner of shares of stock in a bank transfers some of his stock to his sons in trust for his grandchildren, the stock and the increment therefrom to be held for their education, but there is nothing on the books of the bank to indicate for whom the trust was created, and the transfer is regularly made in good faith when the bank was solvent, *Held:* upon the bank becoming insolvent some two years after the transfer, the transferer is not liable for the statutory assessment against the stock. C. S., 219(a), 219(c).

APPEAL by plaintiffs from *Grady, J.,* 21 May, 1931, at Chambers, Washington, N. C. From BEAUFORT.

Civil action to recover of the defendant as an alleged stockholder in a State bank, now in liquidation, the full amount of his statutory liability as such stockholder.

The determinative facts, which properly appear of record, are as follows:

"Defendant owned 89 shares of the capital stock of the Bank of Belhaven, and at the times hereinafter mentioned, was a member of the board of directors of said bank.

"On 16 May, 1925, the defendant transferred on the books of the bank 20 shares of stock to J. R. Latham, trustee, and 20 shares to H. V. Latham, trustee, and said stock was issued to said transferees in regular order by the bank officials. There is nothing on the books of the bank to indicate for whom the two trusts were created; but it is alleged in the complaint, admitted in the answer, and found as a fact by the court, that there was an agreement between the defendant and said trustees, who were his sons, that they were to hold said stock and the increment thereof, as an educational fund for their minor children, the grandchildren of the defendant.

"Said minor *cestui que trustent* are without any estate, and no assessment can be levied and collected against them or any of them. The

Bank of Belhaven became insolvent on 16 March, 1927, and was taken over by the Corporation Commission for liquidation.

"This action is brought for the purpose of collecting out of the defendant the full amount of the par value of said stock, it being alleged that he is still the owner thereof; there is no allegation of fraud in the complaint, nor is it alleged that the bank was insolvent at the time of the transfer of said stock, which was a voluntary donation, and the court finds that it was made in good faith, for the purposes above set out."

From a judgment dismissing the action, the plaintiffs appeal, assigning error.

*Ward & Grimes for plaintiffs.*
*MacLean & Rodman for defendant.*

STACY, C. J. It was held in *Trust Co. v. Jenkins,* 193 N. C., 761, 138 S. E., 139, "that no person who appears upon the records of a bank as a stockholder therein is relieved of personal liability under 3 C. S., 219(a), by virtue of the provisions of 3 C. S., 219(c), unless the said record, or the stock certificate issued to him, shows that he holds the said stock as trustee for a *cestui que trust* named on the record or in the certificate."

Under this holding and on the facts appearing of record, it would seem that the present defendant ought not to be held individually responsible as a stockholder in the Bank of Belhaven under 3 C. S., 219(a), for the amount assessable against the stock duly transferred by him 16 May, 1925, in good faith, to J. R. Latham, trustee, and H. V. Latham, trustee.

The decision in *Early, Receiver, v. Richardson,* 280 U. S., 496, cited and relied upon by plaintiffs, is distinguishable by reason of a different fact situation.

Affirmed.