## IN RE GOLDSBORO SAVINGS AND TRUST COMPANY.

(Filed 28 September, 1932.)

1. **Banks and Banking H a—Transferee must be legally capable of holding stock in order to relieve transferer of statutory liability.**

    Shares of stock in a banking corporation are usually transferable as shares of stock in other kinds of corporations, but whether the transfer is effective against creditors of the bank depends upon the facts of each particular case, the general rule of law applicable being that the transferee must be a person who is not only legally capable of holding the stock but is also legally bound to respond when an assessment is made by the Commissioner of Banks under statutory provisions, N. C. Code, 218(c), 219(a), although it is not necessary that he should be financially able to pay the assessment, and a transfer of bank stock to an infant does not relieve the transferer of his statutory liability, an infant being incapable of making a binding contract.

2. **Same—Where bank stock is transferred in good faith to trustee for minor the transferer is relieved of statutory liability.**

    Where the owner of bank stock has had the shares transferred on the books of the bank to a trustee for the benefit of a minor, and the transfer is made in good faith when the bank is solvent: *Held*, the transferer is not liable for the statutory assessment of the stock upon the bank's insolvency, the trustee being of full age and qualified to perform all the duties required of him in his fiduciary capacity. N. C. Code, 219(c), (d).

APPEAL by S. B. Moore from a judgment of *Harris, J.,* rendered at April Term, 1932, of WAYNE, affirming an assessment of stock, on the following agreed statement of facts.

1. Prior to 21 January, 1930, S. B. Moore owned five shares of capital stock in the Goldsboro Savings and Trust Company, evidenced by certificate No. 137, and on said date this certificate was surrendered and canceled upon the records of said Goldsboro Savings and Trust Company and in lieu thereof certificate No. 189 was issued to M. K. Moore, trustee for M. S. Moore.

2. On 21 January, 1930, a reasonable market value for said five shares of capital stock was $375.00, and said bank was engaged on said date in its normal business and was solvent.

3. The transfer of certificate No. 137 by S. B. Moore to M. K. Moore, trustee for M. S. Moore, the namesake and nephew of S. B. Moore, was in good faith. M. K. Moore, trustee, is the father and natural guardian of M. S. Moore, and after the transfer of certificate No. 137, to him he was offered the sum of $75.00 per share for said stock.

4. M. S. Moore is a minor without any estate.

5. On 14 February, 1931, an assessment was made by the Corporation Commission of the State of North Carolina against M. K. Moore, trustee for M. S. Moore, in the sum of $700.00, which assessment was made upon certificate No. 189, issued in the name of M. K. Moore, trustee for M. S. Moore, and issued in lieu of certificate No. 137 (formerly in the name of S. B. Moore), and certificate No. 154 (formerly in the name of Daisy B. Moore for two shares of the capital stock of Goldsboro Savings and Trust Company) ; said judgment being recorded in the office of the clerk of the Superior Court of Wayne County in Judgment Book 16, p. 192, No. 5402.

6. On 10 September, 1931, an assessment was made by the Corporation Commission against S. B. Moore in the sum of $500.00 upon certificate No. 137, as appears in the office of the clerk of the Superior Court of Wayne County in Judgment Book, 16, page 220, No. 5541.

7. There does not appear upon the records of said Goldsboro Savings and Trust Company at the time it closed its doors on 19 December, 1930, any certificate stock of the Goldsboro Savings and Trust Company outstanding in the name of S. B. Moore, certificate No. 137, formerly owned by S. B. Moore prior to 1 January, 1930, having been canceled upon the records of the Goldsboro Savings and Trust Company.

8. Marvin Thompson, a resident of Wayne County, was appointed liquidating agent of said Goldsboro Savings and Trust Company on 22 December, 1930, and immediately took charge of the affairs of said Goldsboro Savings and Trust Company.

The trial court adjudged that the Commissioner of Banks, as successor of the Corporation Commission, recover of S. B. Moore the sum of $500 with interest and costs. S. B. Moore excepted and appealed.

*Langston, Allen & Taylor for appellant.*
*Kenneth C. Royall and Andrew C. McIntosh for appellee.*

Adams, J. The Goldsboro Savings and Trust Company closed its doors on 19 December, 1930. About eleven months before this date S. B. Moore, who owned five shares of its capital stock, for the purpose of transferring this stock to his nephew, M. S. Moore, delivered his certificate to the bank and the bank immediately recorded on its books a cancellation of the certificate and in lieu thereof issued another certificate for the same stock to M. K. Moore, as trustee for M. S. Moore. At that time the bank was solvent; the stock had a market value of $75 a share; the transfer was made in good faith; and the trustee named in the latter certificate is the father and natural guardian of the minor. The appeal brings up for review the single question whether the assessment made against S. B. Moore on 10 September, 1931, is enforceable in law.

The stockholders of a bank organized under the laws of North Carolina are individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of the corporation to the extent of the amount of their stock therein at its par value, in addition to the amount invested in such shares. The Commissioner of Banks, within the time prescribed by statute, may levy an assessment equal to the stock liability of each stockholder in the bank and shall file a copy of such levy in the office of the clerk, which, when recorded and indexed, shall have the effect of a judgment of the Superior Court and may be enforced by execution. N. C. Code, 1931, secs. 218(c), (13), 219(a).

Stock in a bank, as in any other corporation, is generally transferable, but whether the transfer is effective against creditors of the bank must be determined upon the facts of each case. It is an established rule of law that a transfer of stock in a corporation must be made to a person who is not only legally capable of holding the stock but is legally bound to respond when an assessment is made; not legally bound, necessarily, in the sense that he will be financially able to meet the liability but in the sense that he is legally capable of assuming the obligation. *Aldrich v. Bingham,* 131 Fed., 363. Assent is essential to the holding of stock, and for this reason an infant cannot be held liable on his subscription. He is without legal capacity to bind himself uncondi-

tionally by the contract. 1 Cook on Corporations, sec. 250; *Foster v. Chase,* 75 Fed., 797; *Aldrich v. Bingham, supra; Early v. Richardson,* 280 U. S., 496, 74 L. Ed., 575. There is abundant authority to the effect that if S. B. Moore had transferred his stock directly to his minor children he would have remained liable for the assessment. But he made the transfer to M. K. Moore as trustee for M. S. Moore. Cancellation of his stock was entered upon the records of the bank and another certificate was issued to the trustee for the named beneficiary. We have, then, not the case of an owner of stock who claims to hold it as trustee, as in *Trust Co. v. Jenkins,* 193 N. C., 761, but a case in which, according to the records of the bank, the parties are clearly identified—the transferer, the trustee, the *cestui que* trust. This fact is significant when considered in connection with the following statute: "Persons holding stock as executors, administrators, guardians, or trustees shall not personally be subject to any liabilities as stockholders, but the estate and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust fund would be if living and competent to hold stock in his own name." Code, 1931, sec. 219(c).

This provision is not restricted to trustees appointed by will or by an order of court; it extends to every trust relation, however created. *Trust Co. v. Jenkins, supra; Lucas v. Coe,* 86 Fed., 972; *Fowler v. Gowing,* 165 Fed., 891. Observing that it attaches liability to the estate and funds in the hands of the trustee, we must remember that we are not called upon to decide whether the trustee is personally liable or whether the assessment on 14 February, 1931, against "M. K. Moore, trustee for M. S. Moore" is valid. These questions are considered in other cases, some of which are herein cited. We are now concerned only with the inquiry whether S. B. Moore is liable on the alleged assessment of 10 September, 1931.

In *Corporation Commission v. Latham,* 201 N. C., 342, the statement of facts showed that the defendant Fred P. Latham had transferred on the books of the bank 20 shares of stock to J. R. Latham, trustee, and 20 shares to H. V. Latham, trustee, nothing appearing on the books to indicate for whom the trusts had been created; but between the defendant and the trustees, who were his sons, there was an agreement that they should hold the stock for the education of their minor children. The Court did not hold that the trustees were personally liable for the assessment and rest the decision on this ground; it held under *Trust Co. v. Jenkins, supra,* "and on the facts appearing of record," that the defendant was not personally liable. If the defendant in *Latham's case* was not liable, *a fortiori* should it be held upon the admitted facts in

the present case that S. B. Moore is not liable for the assessment imposed upon him by the Corporation Commission.

The appellee lays stress upon a clause in section 219 (d) exempting those who in good faith and without intent to evade liability transfer their stock "to any person of full age"; but without regard to the question whether a stockholder's liability is statutory or contractual we learn from the agreed statement of facts that the controverted transfer of stock was not made directly to a minor but to a trustee of "full age," who was qualified to perform all the duties required of him in his fiduciary relation.

Our conclusion is that S. B. Moore is exempt from liability to assessment as a stockholder in the bank. Judgment

Reversed.