Henderson, Chief-Justice.
 

 Words not in themselves actionable, may be rendered so by a
 
 colloquium,
 
 or by something extrinsic, with the aid of an
 
 innuendo.
 
 In such cases, it is necessary that the
 
 colloquium,
 
 and extrinsic
 
 *118
 
 facts, commonly called introductory matter, should be put upon the record, that the Court may see that the jury have drawn a rational and probable conclusion. For notwithstanding the jury are the judges of the farts, and of all inferences to be drawn from facts, yet it is the province of the Court to decide, whether one fact can be inferred from another. Hence- arises the. distinction between relevant and irrelevant evidence. The Court decides the question, whether one fact
 
 can or may
 
 be inferred from another. — The jury determine whether the inference insisted on be correct or not, in ibe particular case. The- words are, “ all
 
 Watts’ girls
 
 are
 
 big.”
 
 There is no
 
 colloquium
 
 charged, by which any other than the ordinary meaning of the words can be given to them— They are to be taken, abstracted from any context, for none appears. The
 
 innuendo
 
 is, “thereby meaning, big with child to his negro
 
 Ben.”
 
 It is going far enough, and perhaps too far, without a
 
 colloquium,
 
 or introduction, to say that big, means
 
 big with child ;
 
 but there, cannot be the least pretence for saying, it means big with child
 
 by negro Ben.
 
 The
 
 innuendo
 
 therefore, which the jury have inferred, was quite unwarranted ; at least there is nothing stated, which shows that it was warranted. That must appear, or the declaration is bad j for otherwise juries would be quite arbitrary in giving to words such a meaning as they pleased. If this was the Defendant’s meaning, the words are actionable $ and liad a
 
 colloquium,
 
 or introductory matter been stated, which showed that this might have been (¡is meaning, it would have sustained the
 
 innuendo
 
 which the jury have affirmed. The verdict being general upon all the counts, and this being defective, the judgment must be arrested.
 

 Other objections were made, which I will only slightly notice, the one before mentioned having put an end to the case. It is objected by the Defendant, that it is not seated that he gave publicity to the
 
 charge;
 
 that the word “
 
 publish”
 
 does not sufficiently convey that idea.
 
 *119
 
 But for my part, I can scarcely conceive a word in language, which more definitely cosh eysiii ■ dea requisite in law, to support an action for speakicg slanderous words.
 
 Publish
 
 is to proclaim, to make known gone* rally. It needs not the epithet
 
 palam, \\
 
 hieh was relied on, for
 
 palam promulgare
 
 is to publish.
 

 It is objected that the words,
 
 “
 
 the. Plaintiff is incontinent,” required a
 
 colloquium
 
 or introduction, to make them actionable.
 
 Incontinent
 
 is the word used in the statute ; it would be strange, that the Court should require the jury to tel! them the meaning of a word thus used, and the argument amounts to that. It is true, that where a statute declares, that he who commits a certain crime, murder for instance, shall suffer death without benefit of clergy, in an indictment on that statute, it is not sufficient to say that the Defendant committed murder, but it must be shown how. But in a civil action, the rule is different; it is not necessary to show how the Plaintiff is incontinent, with whom, for instance, there being no prosecution against her for incontinence. Tins would have been a more apt illustration than the case of murder. But the question is, what did the Defendant mean by the word
 
 incontinent,
 
 which cannot be understood, when generally applied to a female, to mean any tiling else but that she is unchaste. If there were facts, or cir-stances, which showed such was not his meaning, the Defendant should have shown them. It was not incumbent on the Plaintiffs to prove the reverse. But the errors in the Count before mentioned, are fatal.
 

 Per Curiam. — Let the judgment be arrested.