### J. L. CARSON v. L. A. MILLS.

When the complaint in an action for libel says the defendant "published concerning the plaintiff in a newspaper, &c., a certain article containing the false and defamatory matter following," &c., it sufficiently avers that the defamatory matter was concerning the plaintiff. The article—which is the whole article and every part of it—is averred to be concerning the plaintiff, and as the whole includes all its parts, the defamatory part must be concerning the plaintiff.

An article in a newspaper containing the following words: "No! counsellors and friends of the Adairs, (who had been convicted of murder,) I blame not an attorney or attorneys for taking fees and defending the most guilty criminals as far as the law and respectable evidence will justify in giving them a fair trial, but after that, going to the streets among people, proclaiming their innocence, trying to influence public opinion, hiring or otherwise procuring false-hearted and unprincipled scoundrels to perjure themselves by giving affidavits and implicating other innocent persons to obtain the pardon or release of the Adairs. Your slanderous and false charges against innocent men must fall to the ground, but they show your unprincipled course," is apparently libelous.

This was a CIVIL ACTION for libel, in which the complaint alleged as follows:

1. That on the 2d day of July, 1872, the defendant maliciously composed and published concerning the plaintiff in a newspaper called the *Western Vindicator*, published at Rutherfordton, in Rutherford county, a certain article containing the false and defamatory matter following, viz: " I have learned that the late executed Adairs at the time of their execution implicated several young men of this county, who are absent, my son among the rest, in that foul and most inhuman murder of the Weston family. Now every one of these young men, I have no doubt, can prove by the best of witnesses, both white and colored, of their whereabouts at the very hour when that fiendish murder was committed. The counsel and friends of the Adairs have caused an affidavit from Govan Adair to be taken of the same effect, to be read at the trial of the other Adairs, in order to screen the most guilty, in my opinion, among them. No, counsellors and friends of the Adairs, I blame not an attorney or attorneys for taking fees and defending the most guilty criminal as far as the law and most respectable evidence will justify in giving them a fair trial, but after that, going to the streets among people, proclaiming their innocence, trying to influence public opinion, hiring or otherwise procuring false-hearted and unprincipled scoundrels to perjure themselves by giving affidavits and implicating other innocent persons to obtain the pardon or release of the Adairs. Your slanderous affidavits and false charges against innocent men must fall to the ground, but they show your unprincipled course. L. A. MILLS."

2. That by means of the said publication the plaintiff was injured in his reputation to his damage five thousand dollars. Therefore plaintiff claims judgment for five thousand dollars and costs of suit.

At the last term of the Superior Court of RUTHERFORD county the defendant demurred to the complaint. 1st. In that the complaint is too vague, indefinite and uncertain in

statement and charge to warrant a judgment against the defendant. 2d. In that the matters as charged are not in themselves actionable or libelous, and the complaint does not set forth and allege any loss or damage to the plaintiff, and how sustained.

His Honor, *Logan, J.*, overruled the demurrer, and ordered the defendant to answer, and he appealed from the order.

*W. P. Bynum*, for the defendant.
*Argo & Harris* and *Busbee & Busbee*, for the plaintiff.

RODMAN, J. The ingenious argument of the counsel for the defendant has failed to satisfy us that the complaint is defective. C. C. P., sec. 124 was intended to do away with the refined and subtle distinctions which had found a place in the law of pleading in actions for libel.

When the complaint says that the defendant "published concerning the plaintiff in a newspaper, &c., a certain article containing the false and defamatory matter following," &c., it sufficiently avers that the defamatory matter was concerning the plaintiff. The article—which is the whole article and every part of it—is averred to be concerning the plaintiff, and as the whole includes all its parts, the defamatory part must be concerning the plaintiff.

We think the words set forth are apparently libelous.

Judgment affirmed, and case remanded to be proceeded in, &c.

Let this opinion be certified.

PER CURIAM.                    Judgment affirmed.