W. C. BRADSHER v. JAMES A. CHEEK.

*Libel—Qualified Privilege—Second Appeal—Affirmance Without Review.*

Where this Court has in a former appeal in the same cause fully discussed the law applicable to the action, and the principles announced in the decision therein seem to have been carefully applied by the Judge below in a subsequent trial, and upon an inspection of the whole record no error appears to have been committed on the second trial, this Court will not go over again the legal principles discussed in the former opinion, but, as authorized by ch. 379, Acts of 1893, and section 957 of *The Code,* will not write out its reasons at length, but simply announce its decision.

BRADSHER *v.* CHEEK.

CIVIL ACTION for libel, tried before *Bryan, J.*, and a jury, at January Term, 1893, of DURHAM Superior Court, in consequence of the grant of a new trial made by this Court on the former appeal (reported in 109 N. C., 278).

On the second trial there were numerous exceptions to the admission and rejection of testimony, to the charge of his Honor, refusal of instructions, etc., covering thirty-eight pages of printed matter. The jury gave verdict for the plaintiff, assessing his damages at $1,000, for which judgment was rendered, and defendant appealed.

*Messrs. Fuller & Fuller*, for plaintiff.
*Messrs. J. W. Graham* and *Boone & Parker*, for defendant.

PER CURIAM: When this cause was here before, 109 N. C., 278, the Court had occasion to discuss in that and its cognate case, *Ramsey* v. *Cheek, Ibid.*, 270, the law applicable to this action, which is brought for libel on a state of facts constituting a case of qualified privilege. The principles there laid down seem to have been applied with care by his Honor in the subsequent trial below. The exceptions are numerous and have been argued with much earnestness. On a careful and full examination, however, there appears to have been no material error committed, and we think substantial justice has been done. No good can be served by going over again the legal principles discussed in the former opinion. Probably no better case than this can be found in which to conform to the legislative desire as expressed in the recent act of the General Assembly (ch. 379, Acts 1893), that the Court shall not write out its reasons at length unless necessary, but shall in all such cases simply announce its decision. "Upon an inspection of the whole record" (*The Code*, §957) the judgment below is                                    Affirmed.