## MRS. LILLIE WILLIAMS v. ARTHUR WILLIAMS, ADMINISTRATOR OF J. A. WILLIAMS, JR.

(Filed 12 November, 1925.)

**1. Judgments—Clerks of Court—Statutes.**

The judgments of the clerk of the court rendered within the authority given him by statute, C. S., 515, are judgments of the Superior Court, and have the same effect as those rendered by the judge, and when not appealed from, are final and conclusive.

**2. Same—Superior Courts—Pleadings—Amendments—Jurisdiction.**

The Superior Court judge in term has no authority to allow an amendment to the complaint, in an action which has proceeded to final judgment before the clerk of the Superior Court, rendered within his statutory jurisdiction, C. S., 515, and not appealed from.

**3. Same—Appeal and Error—Motions—Notice.**

If the plaintiff desires to amend his complaint after an adverse opinion of the Supreme Court on appeal affirming the order of the clerk of the Superior Court in dismissing the action, he must give notice thereof within three days after the opinion has been received by the Superior Court. C. S., 515.

APPEAL by defendant from ALLEGHANY Superior Court. *Schenck, J.* Motion by plaintiff to set aside judgment of the clerk, and to allow plaintiff to file an amended complaint. Motion allowed and defendant appeals. Reversed.

The defendant assigns error as follows: (a) That the judgment of the clerk dismissing the action was regular and in compliance with the statute (C. S., 515); and (b) no appeal having been taken from the clerk's judgment the cause had been finally adjudicated and the parties were not *coram judice;* (c) that the judgment of the clerk was in effect a denial of plaintiff's right to amend.

The exception to the judgment is the only exception.

*T. C. Bowie, R. F. Crouse for plaintiff.*
*Doughton & Higgins for defendant.*

VARSER, J.  This cause was considered by this Court in *Williams v. Williams,* 188 N. C., 728.  The opinion of this Court was certified to the Superior Court of Alleghany County on 7 January, 1925.  On Monday, 27 April, 1925, on defendant's motion, the clerk entered judgment dismissing this action as directed in C. S., 515, and in accordance with the opinion from this Court.  There was no exception to this judgment and no appeal therefrom.  At May Term, which began Monday, 4 May, 1925, plaintiff moved for leave to amend his complaint.  No motion appears of record to set aside the clerk's judgment of dismissal, either on the grounds of irregularity, or under C. S., 600.  Under C. S., 515, the plaintiff, within ten days after the opinion of the Supreme Court has been received by the Superior Court, could have moved, upon three days notice, for leave to amend the complaint.  This was not done.  In obedience to the ruling of this Court, and in compliance with the provisions of C. S., 515, the judgment was entered dismissing the action.  This put an end to the litigation in the Superior Court.  Therefore the Superior Court in term time was without power to set aside the judgment in order to allow an amendment to the complaint, and there was no pending cause in which an amended complaint could be filed.  Judgments rendered by the clerks of the Superior Court pursuant to C. S., 515, are judgments of the Superior Court and have all the strength and virtue of judgments rendered by the judge thereunder.  *Caldwell v. Caldwell,* 189 N. C., 805.  In *Caldwell's case,* the practice in regard to relief from judgments entered by clerks is clearly indicated.

To the end that this action be dismissed let the judgment appealed from be

Reversed.