### F. C. DARDEN v. J. H. COWARD ET AL.

#### (Filed 10 April, 1929.)

**Banks and Banking H a—Statutory liability does not lie where stock was sold before insolvency but not transferred through neglect of transfer agent.**

Where a former owner of shares of stock in a bank has sold, and, on the certificate, assigned his shares to a purchaser, and sometime thereafter the bank has become insolvent and the liquidating agent of the bank appointed by the Corporation Commission has assessed the shares against the former owner whose name still appears as such owner on the books of the bank owing to the neglect of the transfer agent to reissue the shares to the purchaser: *Held,* the ostensible owner should be relieved of the assessment so made against him.

APPEAL by defendants from *Nunn, J.,* at September Term, 1928, of PITT.

Controversy without action submitted on an agreed statement of facts:

1. On 30 November, 1927, W. H. Woolard was appointed liquidating agent of the Bank of Ayden by the Corporation Commission of North Carolina agreeably to the provisions of chapter 113, Public Laws, 1927.

2. Thereafter, in accordance with the terms of the statute, assessments were levied and filed in the office of the Superior Court of Pitt County against the stockholders of said bank, including an assessment of $500.00 against the plaintiff, F. C. Darden, whose name appeared on the books of the bank as the owner of 10 shares of its capital stock at the time of its insolvency.

3. The plaintiff sold his stock in the Bank of Ayden during the month of November, 1926, assigned the certificate in blank, and the same was

owned by J. D. McGlohon, cashier and stock-transfer agent of said bank at the time of its failure, though no transfer had been made on the books of the bank.

4. The said J. D. McGlohon admits that he was, and had been for nearly a year prior to the closing of the bank, the owner of the 10 shares of stock, originally issued to the plaintiff, and that the certificate should have been transferred to him on the books of the bank and canceled as against the plaintiff.

5. The parties agree that "the sole question presented here is whether the said judgment against F. C. Darden in the sum of $500.00 should not have been entered against the said J. D. McGlohon instead, and that the judgment against F. C. Darden should not be vacated and set aside for the reason that F. C. Darden was not the true owner of the stock and that said judgment filed was irregularly obtained and void."

From a judgment declaring the assessment to be null and void as against the plaintiff, and ordering that the same be vacated and set aside, the defendants appeal, assigning error.

*F. C. Harding for plaintiff.*
*Blount & James for defendants.*

STACY, C. J. The plaintiff sold his 10 shares of stock in the Bank of Ayden long before its insolvency, and the certificate, duly endorsed in blank, was purchased by J. D. McGlohon, cashier and transfer agent of said bank. It is conceded that the failure to transfer the stock on the books of the bank was due to the neglect of the cashier and transfer agent, and not to any fault of the plaintiff. We concur in the judgment of the trial court that, under the facts agreed, the plaintiff is entitled to be relieved of the assessment levied against him as an ostensible stockholder in the Bank of Ayden at the time of its failure. The case of *Whitney v. Butler,* 118 U. S., 655, 30 L. Ed., 266, is a direct authority for the position, while *Trust Co. v. Jenkins,* 193 N. C., 761, 138 S. E., 139, is distinguishable, in that, in the *Jenkins case* the certificate of stock was not surrendered to the bank for transfer on its books. See, also, *Havens v. Bank,* 132 N. C., 214.

No point is made of the fact that, under chapter 113, Public Laws 1927, the proper method of procedure was for the plaintiff to appeal to the Superior Court from the levy of assessment made by the Corporation Commission. See *Corporation Commission v. Murphey, post,* 42. The correct result has been reached and we are disposed to affirm the judgment.

Affirmed.