CORPORATION COMMISSION OF NORTH CAROLINA v. ALEXANDER McLEAN AND MARGARET GRACE McLEAN, AND J. A. SINCLAIR AND CANIE N. BROWN.

(Filed 8 January, 1932.)

1. **Banks and Banking H a—Owner of stock in insolvent bank is subject to statutory liability, and books of bank prima facie establish ownership.**

   The books of a bank establish, prima facie, who are stockholders therein, and those whose names appear thereon as stockholders are ordinarily liable, upon the bank's becoming insolvent, for the statutory liability imposed upon them, C. S., 219(a), and it is only when a person whose name appears on the books as a stockholder can show that he was not in fact the owner of the stock that he can escape the assessment on his stock made according to law.

2. **Same—Procedure for enforcement of statutory liability on stock in insolvent bank is governed by statute.**

   The procedure for the enforcement of the statutory liability of stockholders in an insolvent bank is provided by statute, C. S., 218(c), subsec. 13, and where an appeal to the Superior Court is taken from an assessment made according to the statutory provisions, ordinarily the only issues of fact which may be raised in the Superior Court are whether the appellant was in fact a stockholder, and if so, the number of shares owned by him.

3. **Same—Appeal to Superior Court from assessment of bank stock is properly dismissed where issue of fact of ownership is not raised.**

   Where upon appeal to the Superior Court from an assessment made according to law on stock in an insolvent bank, the appellants alleged that the stock was sold to them by two directors of the bank, made parties to the action by order of court, and that they were induced to buy the stock upon false and fraudulent representations made by the directors as to the financial condition of the bank, and pray that the sale of the stock be rescinded for the alleged fraud and that the sellers be assessed for the statutory liability, *Held:* judgment vacating the order making the directors, the sellers of the stock, parties, and dismissing the appeal of the owners of the stock is not error, it appearing that the stock had been owned by the appellants for more than a year and that they had received the dividends thereon, and no question of fact as to the ownership of the stock at the date of the assessment being raised by the pleadings. The remedy of the appellants for the alleged fraud being by independent action against the directors.

APPEAL by defendants, Alexander McLean and Margaret Grace McLean, from *Stack, J.,* at July Term, 1931, of BUNCOMBE. Affirmed.

The Central Bank and Trust Company is a corporation, organized, and prior to 19 November, 1930, engaged in the banking business in the city of Asheville, under and pursuant to the laws of this State.

On 19 November, 1930, the Corporation Commission of North Carolina took possession of the business and property of the said Bank and Trust Company, because it had become and was on said day insolvent. C. S., 218(b). After taking possession of the business and property of the said insolvent banking corporation, the Corporation Commission proceeded to liquidate its assets for distribution among its creditors and depositors, as provided by statute, C. S., 218(c). On 14 February, 1931, under the provisions of subsection 13 of C. S., 218(c) an assessment was levied by the Corporation Commission upon the stockholders of the Central Bank and Trust Company and on 16 February, 1931, a certified copy of said assessment was filed in the office of the clerk of the Superior Court of Buncombe County. Among the persons assessed as stockholders of the Central Bank and Trust Company by the Corporation Commission are Alexander McLean and Margaret Grace McLean. The sum of $15,000 was assessed against them as owners of 150 shares of the capital stock of said Bank and Trust Company of the par value of $100 per share.

On 25 February, 1931, the said Alexander McLean and Margaret Grace McLean gave notice of their appeal from said assessment to the Superior Court of Buncombe County. After said appeal had been docketed in said court, it was placed on the civil issue docket for trial. On motion of the appellants, it was ordered by the court that J. A. Sinclair and Canie N. Brown be made parties to the cause, and that summons be issued therein for that purpose. Summons was thereupon issued and duly served on the said J. A. Sinclair and Canie N. Brown.

Thereafter, the appellants, Alexander McLean and Margaret Grace McLean, filed in the cause a verified pleading, described as their answer and cross-bill.

It appears from said pleading that on 24 September, 1928, J. A. Sinclair sold to the appellants 90 shares of the capital stock of the Central Bank and Trust Company, of the par value of $100 per share. Appellants paid to the said Sinclair for said shares of stock $275 per share. On 24 October, 1928, a certificate for 90 shares of its capital stock was issued to the said Alexander McLean and Margaret Grace McLean by the Central Bank and Trust Company. The shares of stock represented by this certificate are the identical shares sold to the appellants by J. A. Sinclair.

It further appears from said pleading that on 28 February, 1929, Canie N. Brown sold to the appellants 60 shares of the capital stock of the Central Bank and Trust Company, of the par value of $100 per share. Appellants paid to the said Brown for said shares of stock $275 per share. On 28 February, 1929, certificates for 60 shares of its capital

stock were issued to the said Alexander McLean and Margaret Grace McLean by the Central Bank and Trust Company. The shares of stock represented by these certificates are the identical shares sold to the appellants by Canie N. Brown.

It further appears from said pleading that the certificates for 90 shares and for 60 shares of the capital stock of the Central Bank and Trust Company, issued to the said Alexander McLean and Margaret Grace McLean, by said Bank and Trust Company, on 24 October, 1928, and on 28 February, 1929, were outstanding on 19 November, 1930, when the Corporation Commission took into its possession the business and property of said Bank and Trust Company, because of its insolvency. Dividends declared on said stock since the dates of said certificates have been paid to and received by the said Alexander McLean and Margaret Grace McLean, as the owners of said stock. The amount of these dividends has been tendered to the Corporation Commission or its successor, the Commissioner of Banks, by the appellants since the insolvency of the Central Bank and Trust Company.

It is alleged in said pleading that the appellants were induced by false and fraudulent representations as to the financial condition of the Central Bank and Trust Company and as to the value of its stock, made to them by J. A. Sinclair and Canie N. Brown, to purchase the shares of stock for which the certificates were issued to them by the Central Bank and Trust Company; that both the said J. A. Sinclair and the said Canie N. Brown were directors of the Central Bank and Trust Company at the time the false and fraudulent representations were made by them to the appellants; and that the president of said Bank and Trust Company joined with the said J. A. Sinclair and the said Canie N. Brown in making the false and fraudulent representations by which appellants were induced to purchase said shares of stock, and take the certificates therefor.

Upon the facts alleged in their answer and cross-bill, the defendants, Alexander McLean and Margaret Grace McLean, pray judgment:

1. That the purchase of stock by them from the said J. A. Sinclair and the said Canie N. Brown be canceled and rescinded; that the assessment levied against them as stockholders of the Central Bank and Trust Company be vacated and set aside; that the amount assessed against them be assessed against J. A. Sinclair and Canie N. Brown, as the owners of the 150 shares of stock standing in the name of the defendants; and that they recover of the said J. A. Sinclair and Canie N. Brown the amounts paid to them for said shares of stock.

2. That if defendants are not entitled to judgment as prayed for above, they recover of the defendant, J. A. Sinclair, the sum of $33,750, and

of the defendant, Canie N. Brown, the sum of $22,500, as damages sustained by the defendants by reason of their false and fraudulent representations.

After summons had been served on them, J. A. Sinclair and Canie N. Brown appeared in court and moved that the order entered in the cause that they be made parties thereto be vacated and set aside. This motion was heard at July Term, 1931, and allowed.

It was also ordered and adjudged that the appeal of the defendants, Alexander McLean and Margaret Grace McLean, from the assessment made against them as stockholders of the Central Bank and Trust Company be and the same was dismissed.

From judgment vacating the order that J. A. Sinclair and Canie N. Brown be made parties to the cause, and that their appeal be dismissed, the defendants, Alexander McLean and Margaret Grace McLean appealed to the Supreme Court.

*Johnson, Smathers & Rollins for Commissioner of Banks, successor of the Corporation Commission.*

*I. H. Sample and Braxton Miller for defendants, Alexander McLean and Margaret Grace McLean.*

*Merrimon, Adams & Adams for J. A. Sinclair.*

*V. L. Gudger and Harkins, Van Winkle & Walton for Canie N. Brown.*

CONNOR, J. The individual liability of stockholders of a banking corporation organized under the laws of this State, by reason of their ownership of shares of the capital stock of such corporation, is statutory. C. S., 219(a).

It is provided by the statute that such stockholders shall be individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporation, to the extent of the par value of the shares of stock owned by them. This liability is imposed by law upon such stockholders for the protection and benefit of depositors and other creditors of the corporation. The purpose of the law is to make available, upon the insolvency of the corporation, for the payment of its debts, a fund in addition to its capital stock. All persons whose names appear on the books of the corporation as stockholders are, ordinarily, subject to the statutory liability. *American Trust Company v. Jenkins,* 193 N. C., 761, 138 S. E., 139. It is only when it is shown that a person whose name appears on the books of the corporation as a stockholder, is not in fact an owner of stock, that such person is not subject to the statutory liability. *Corp. Com. v. Harris,* 197

N. C., 202, 148 S. E., 174; *Darden v. Coward,* 197 N. C., 35, 147 S. E., 671. The books of the corporation show, prima facie, at least, who are its stockholders, and who are liable to assessment in accordance with statutory provisions.

The procedure for the enforcement of the statutory liability of a stockholder of a banking corporation, organized under the laws of this State, upon the insolvency of such corporation, is also statutory. C. S., 218(c), subsection 13.

It is provided by the statute that after the expiration of thirty days from the date of the notice that the State Commissioner of Banks, (formerly the Corporation Commission) has taken possession of the business and property of a banking corporation, because of its insolvency, the Commissioner of Banks may levy an assessment equal to the stock liability of each stockholder of the corporation, and shall file a copy of such levy in the office of the clerk of the Superior Court of the county in which the corporation has its office or principal place of business. The provision of the statute that the assessment when levied and filed as provided therein shall have the force and effect of a judgment of the Superior Court, which may be enforced by execution, has been upheld by this Court. *Corp. Com. v. Murphy,* 197 N. C., 42, 147 S. E., 667. The statute further provides, however, that any person who shall be assessed as a stockholder of an insolvent banking corporation, may appeal from such assessment to the Superior Court; the issue or issues raised by such appeal shall be determined as in other actions in the Superior Court.

The only issues of fact which may be raised by such appeal and determined in the Superior Court, ordinarily, are:

(1) Was the appellant a stockholder of the insolvent banking corporation at the date of his assessment?

(2) If so, how many shares of the capital stock of said corporation did appellant own at said date?

The answers of the jury to these issues will be sufficient, ordinarily, to support a judgment of the Superior Court, disposing of the appeal. Only in rare cases, if any, can matters not involved in these or similar issues, be injected into the trial in the Superior Court of an appeal from an assessment made as provided by statute to enforce the individual liability of a stockholder of an insolvent banking corporation.

In the instant case there was no error in the judgment vacating and setting aside the order made in the cause that J. A. Sinclair and Canie N. Brown be made parties to this proceeding. Neither J. A. Sinclair nor Canie N. Brown upon the facts appearing from defendants' pleading are proper parties to the proceeding. If the defendants have a

cause of action against them or against either of them, they may prosecute an action to recover damages on such cause of action; they cannot have relief in this proceeding. To hold otherwise, would defeat the purpose of the statute, which is to provide an expeditious proceeding for the enforcement of the statutory liability of all persons who are stockholders of an insolvent banking corporation, at the date of its insolvency, and at the same time provide for a trial in the Superior Court of issues of law or fact involving the liability of any person who may be assessed, and who denies such liability.

On the facts alleged in their answer and cross-bill, the defendants were stockholders of the Central Bank and Trust Company, at the date of their assessment. No issue of law or fact is raised by their pleading, involving their liability as stockholders under the statute. Their names appeared on the books of the corporation as stockholders; they had held certificates for 150 shares of the capital stock of the corporation, for more than a year. During this time they had received the dividends declared on the shares of stock owned by them, and represented by their certificates. Having received all the benefits arising from the ownership of stock in the Central Bank and Trust Company, it is not unjust that they should now bear their share of the burden imposed by law upon them by reason of their ownership of said stock. The judgment is

Affirmed.