BRUCE McKEEL v. JOS. R. LATHAM.

(Filed 2 March, 1932.)

**Libel and Slander D c—In this case held: allegation of publication was insufficient to support action for libel.**

In order to constitute a publication such as will support an action for libel there must be a communication of the defamatory matter to some third person or persons, and where the complaint in an action for libel alleges that the defendant sent the plaintiff an open post card through the

mails containing libelous matter, without an allegation that such matter was read by some third person, the allegation of publication is insufficient, and the defendant's demurrer should be sustained, with the right of the plaintiff to move to amend, C. S., 515, it not being presumed that the contents of the post card were necessarily communicated to the clerks through whose hands it passed, and presumptions of evidence not being available to supply defects of allegation. Although a general allegation of publication might have been sufficient under C. S., 542, its provisions cannot aid the plaintiff in this action in view of the specific allegations in the complaint.

APPEAL by defendant from *Sinclair, J.*, at September Term, 1931, of CRAVEN.

Civil action to recover damages for an alleged libel.

The complaint alleges:

1. That on 3 January, 1931, the defendant did "wilfully and maliciously compose, publish and utter by sending, directed to the plaintiff, an open post card through the United States mails," which said post card contained a false, slanderous and defamatory libel against the plaintiff as follows:

"Bruce McKeel, Clarks, N. C.

Dear Bruce:

"The only reason why I think you are lower than a thief is that the thief takes without promising anything. I heartily wish you personally all the hard luck possible for the coming year. I will try to remember to send you a card next year.                Jos. R. Latham, M.D."

2. That said post card was received by plaintiff through the United States mail.

3. That by reason of "the publication and utterance by the defendant by means of sending the false, slanderous, scandalous, malicious, defamatory and libelous matter through the United States mails as aforesaid," the plaintiff has been greatly damaged in his good name, credit and character, amongst his neighbors and other worthy citizens, to the amount of $15,000.

From a judgment overruling a demurrer, interposed upon the ground that the complaint does not state facts sufficient to constitute a cause of action, the defendant appeals, assigning error.

*Ernest M. Green and D. L. Ward, Jr., for plaintiff.*
*H. P. Whitehurst and R. E. Whitehurst for defendant.*

STACY, C. J. Without regard to the character of the language used on the post card in question, whether libelous or other, it would seem that the allegation of publication is not sufficient to state a cause of action. McIntosh N. C. Practice and Procedure, 362; Annotation, 24 A. L. R., 237.

Under the general rule that a libel is published when, and only when, it is communicated to some third person, who understands it, it has been held in cases dealing with post cards sent through the mails, that, in order to constitute actionable publication, the post card must have been read or communicated to some person, other than plaintiff and defendant; and in so holding, the courts have not presumed, in the absence of allegation, that the contents of the post card are necessarily communicated to the clerk or clerks through whose hands it passes. 36 C. J., 1228. In this connection, it is perhaps well to observe that presumptions of evidence are not available to supply defects of allegation. *Logan v. Hodges,* 146 N. C., 38, 59 S. E., 349; *Brown v. Lumber Co.,* 167 N. C., 9, 82 S. E., 961; *Simmons v. Morse,* 51 N. C., 7; 36 C. J., 1226.

Nor is the deficiency in the pleading aided by C. S., 542 which provides that in actions for libel or slander it is sufficient to state generally that the alleged defamatory matter was published or spoken of and concerning the plaintiff. A general allegation of publication concerning the plaintiff might have been sufficient. *Carson v. Mills,* 69 N. C., 122; *Watts v. Greenlee,* 13 N. C., 115. But in the instant case the plaintiff alleges that the publication was by sending an uncovered post card through the United States mails, addressed to the plaintiff. It is not alleged that its contents were seen or read by anyone other than the plaintiff and the defendant. To constitute a publication, such as will give rise to a civil action, there must be a communication of the defamatory matter to some third person or persons. *Hedgepeth v. Coleman,* 183 N. C., 309, 111 S. E., 517, 24 A. L. R., 232; *Penry v. Dozier,* 161 Ala., 292. This is so because the gravamen of the complaint is the alleged pecuniary injury or damage to the character or credit of the party defamed, and it is obvious that no such injury or damage can arise without publication. *Freeman v. Dayton Scale Co.,* 159 Tenn., 413, 19 S. W. (2d), 255.

To test the matter, let it be supposed that the plaintiff can show no more than he has alleged, to wit, that the post card in question was mailed by the defendant and received by the plaintiff. If no one else saw it or read it—and it is not so alleged—how has he been libeled? See Annotation, 24 A. L. R., 237. An allegation that others had an oppor-

tunity to read a libelous writing is not equivalent to an allegation that it was read by them. 36 C. J., 1226.

For the defect, as indicated, the complaint should have been held bad as against the demurrer, with the right to move to amend as provided by C. S., 515. *Morris v. Cleve,* 197 N. C., 253, 148 S. E., 253.

Reversed.