IN RE LIQUIDATION OF THE CITIZENS BANK OF MOUNT OLIVE.

(Filed 20 March, 1935.)

**Banks and Banking H a—**

> Judgment in this case dismissing an appeal from the levy of the statutory liability on bank stock for laches or because not taken in apt time for that nineteen or twenty months had elapsed since the assessment, is affirmed.  N. C. Code, 218 (c).

3—208

APPEAL by C. W. Oliver from *Barnhill, J.,* at October Term, 1934, of WAYNE.

Motion to dismiss appeal from levy of stock assessment.

The facts are these:

1. On 9 January, 1933, the Commissioner of Banks, under authority of C. S., 218 (c), levied a stock assessment against the stockholders of the Citizens Bank of Mount Olive, N. C., including, among others, an assessment of $800 against C. W. Oliver, who appeared upon the books of the bank as the owner of eight shares of its capital stock.

2. The assessment was docketed in the clerk's office, Wayne Superior Court, 11 January, 1933.

3. C. W. Oliver had actual knowledge of this assessment in February, 1933.

4. Notice of appeal was filed 31 August, 1934.

5. Motion to dismiss the appeal for laches, or because not taken in apt time, was heard and allowed solely upon the procedural ground, without considering the question sought to be raised by the appeal, from which ruling this appeal is prosecuted.

*Langston, Allen & Taylor for appellant.*
*Kenneth C. Royall and Robert A. Hovis for appellee.*

STACY, C. J. Section 13, chapter 113, Public Laws 1927, provides for summary assessment of liability of stockholders in insolvent banks, *Corp. Com. v. Murphey,* 197 N. C., 42, 147 S. E., 667; and further: "Any stockholder may appeal to the Superior Court from the levy of assessment." No time is designated in the statute for taking the appeal. Hence, we must proceed by analogy to the practice in other like cases so as to effectuate the purpose and intent of the law. *S. v. Carroll,* 194 N. C., 37, 138 S. E., 339.

Whether it was the intention of the General Assembly that the rules governing appeals from justices' courts should apply to appeals from such assessments need not be decided on the present record. *Higdon v. Light Co.,* 207 N. C., 39, 175 S. E., 710. "Where an appeal is expressly or impliedly given, the courts may look to other general statutes regulating appeals in analogous cases and give them such application as the particular case and the language of the statute may warrant, keeping in view always the intention of the Legislature"—*Walker, J.,* in *Cook v. Vickers,* 141 N. C., 101, 53 S. E., 740.

That the appeal should be taken "within a reasonable time" is all the appellant could claim. *Blair v. Coakley,* 136 N. C., 405, 48 S. E., 804. We agree with the trial court that a delay of nineteen or twenty months is too long.

Affirmed.