IN THE MATTER OF THE LIQUIDATION OF THE CITIZENS BANK OF MOUNT OLIVE.

(Filed 22 January, 1936.)

**Banks and Banking H a—Stockholder must give notice of appeal from stock assessment within ten days from docketing of assessment.**

Although no time is fixed by C. S., 218 (c), within which a stockholder of an insolvent bank must give notice of appeal from the assessment levied against him by the Commissioner of Banks, the statute provides that when the assessment is docketed it shall have the force and effect of a judgment, C. S., 641, and therefore notice of appeal from such assessment must be given within ten days after the docketing of the assessment, with the right of the stockholder, in proper instances, to apply for a writ of *certiorari,* and when notice of appeal is not given within the time required and no application for *certiorari* made, the stockholder loses his right to appeal and the assessment is final and conclusive.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by A. J. Davis from *Small, J.,* at June Term, 1935, of WAYNE. Affirmed.

On 8 September 1934, the Commissioner of Banks of North Carolina, under the authority of subsection 13 of section 218 (c) of the Consolidated Statutes of North Carolina as amended by chapter 113 of the Public Laws of North Carolina, 1927, levied an assessment of $500.00 on A. J. Davis of Mount Olive, Wayne County, North Carolina, on account of his statutory liability as the owner of five shares of the capital stock of the Citizens Bank of Mount Olive, an insolvent banking corporation then in his hands for liquidation as provided by statute. This

assessment was duly docketed in the office of the clerk of the Superior Court of Wayne County on 10 September, 1934, and thus became, by virtue of the statute, a judgment of the Superior Court of Wayne County.

On 19 September, 1934, an execution was issued by the clerk of the Superior Court of Wayne County to the sheriff of said county commanding the said sheriff to satisfy the said judgment out of the property, personal or real, of the said A. J. Davis, as provided by law, and to make due return of said execution. The said execution was returned endorsed by the said sheriff as follows: "Payment demanded and refused. 20 September, 1934."

Thereafter, on 8 October, 1934, an *alias* execution was issued by the clerk of the Superior Court of Wayne County to the sheriff of said county, commanding the said sheriff to satisfy said judgment out of the property, personal and real, of the said A. J. Davis, as provided by law, and to make due return of said execution. This execution was returned endorsed by the said sheriff as follows: "Served 10 October, 1934, on A. J. Davis. Stay bond given."

On 8 October, 1934, A. J. Davis filed with the clerk of the Superior Court of Wayne County, and caused to be served on the liquidating agent of the Citizens Bank of Mount Olive and Gurney P. Hood, Commissioner of Banks, notice of his appeal from the assessment made against him in this proceeding by the Commissioner of Banks. This notice was accompanied by a stay bond, executed by the said A. J. Davis and a solvent surety. The grounds of the said appeal, as stated in said notice, were:

"(1) That the said assessment is illegal and void for that there is no certificate of stock appearing upon the books or records of the Citizens Bank of Mount Olive in the name of A. J. Davis.

"(2) That the claim of the Commissioner of Banks is barred by the statute of limitations, which statute is pleaded in this cause."

On 12 October, 1934, the Commissioner of Banks filed a written motion in the proceeding that the appeal of A. J. Davis be dismissed for that the notice of said appeal had not been filed within the time required by law.

This motion was heard at June Term, 1935, of the Superior Court of Wayne County, when judgment was rendered as follows:

"This cause coming on to be heard and being heard before his Honor, Walter L. Small, judge presiding, upon motion of Gurney P. Hood, Commissioner of Banks, *ex rel.* Citizens Bank of Mount Olive, to dismiss the appeal herein; and it appearing to the court that the stock assessment for $500.00 was filed against A. J. Davis in the office of the clerk of the Superior Court of Wayne County on 10 September, 1934, and that the said A. J. Davis had knowledge of said assessment on or

before 20 September, 1934, and that the said defendant did not give any notice of appeal from said assessment until 8 October, 1934; and the court being of opinion that said appeal was not in proper time;

"Now, therefore, it is considered, ordered, and adjudged that the appeal of A. J. Davis be and the same is dismissed, at the cost of the said A. J. Davis."

From this judgment A. J. Davis appealed to the Supreme Court, assigning error in the judgment.

*J. Faison Thomson and John M. Colton for A. J. Davis.*
*Robert A. Hovis and Kenneth C. Royall for Commissioner of Banks.*

CONNOR, J.  The statute providing for the enforcement of the statutory liability of a stockholder of a bank organized under the laws of this State, C. S., 219 (a), and in liquidation by the Commissioner of Banks under statutory authority because of its insolvency, C. S., 218 (c), is as follows:

"After the expiration of thirty days from the date of the filing of the notice of the taking possession of any bank in the office of the clerk of the Superior Court, the Commissioner of Banks may levy an assessment equal to the stock liability of each stockholder in the bank, and shall file a copy of such levy in the office of the clerk of the Superior Court, which shall be recorded and indexed as judgments, and shall have the force and effect of a judgment of the Superior Courts of this State; and the same shall become due and payable immediately, and if not paid, execution may issue at the instance of the Commissioner of Banks against the stockholder delinquent, and actions on said assessments may be instituted against any nonresident stockholder in the same manner as other actions against nonresidents of the State.  Any stockholder may appeal to the Superior Court from the levy of an assessment; the issue raised by the appeal may be determined as in other actions in the Superior Court."  Subsection 13 of section 218 (c), Consolidated Statutes of North Carolina, as amended by chapter 113, Public Laws of North Carolina, 1927.

No time is fixed by the statute for the giving of notice of an appeal from an assessment by a stockholder or other person against whom the assessment has been levied and duly docketed.  It is, however, expressly provided by the statute that when an assessment has been levied and duly docketed, as required by the statute, such docketed assessment "shall have the force and effect of a judgment of the Superior Courts of this State."  It follows from this provision that notice of appeal must be given within ten days from the date of the docketing of the assessment in the office of the clerk of the Superior Court of the county in which the bank is located.  C. S., 641.  While the statute does not pro-

vide for notice to the stockholders prior to the levying of the assessment, such notice is presumed. *Corp. Com. v. Murphey*, 197 N. C., 42, 147 S. E., 667. Each stockholder has constructive notice, at least, of the levying and docketing of the assessment, and if he wishes to avail himself of his statutory right of appeal from the assessment, he must give notice of such appeal within ten days of the docketing of the assessment in the office of the clerk of the Superior Court of the county in which the bank is located. Otherwise, he has lost his right to appeal, and the assessment is final and conclusive.

When a stockholder or other person against whom an assessment has been levied and docketed, as authorized by the statute, has failed to give notice of an appeal within ten days from the date of the docketing, and has therefore lost his right to appeal, he may apply to the judge of the Superior Court for a writ of *certiorari*. In a proper case he will be granted the writ, and thereby be assured a hearing in the Superior Court on his contention that the assessment was illegal.

In Oliver's appeal in *In re Bank*, 208 N. C., 65, 179 S. E., 24, the judgment dismissing the appeal was affirmed. In that case we said: "That the appeal should be taken within a reasonable time, is all that the appellant could claim. We agree with the trial court that a delay of nineteen or twenty months is too long." Nothing was said in the opinion in that case which is inconsistent with the ground on which the judgment in the instant case is affirmed. Whether or not the appeal in the instant case was taken within a reasonable time is immaterial on this record. We agree with the trial court that the appeal was not taken within the proper time—that is, within ten days from the date of the docketing of the assessment.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.