C. W. OLIVER v. GURNEY P. HOOD, COMMISSIONER OF BANKS, ET AL.

(Filed 22 January, 1936.)

**1. Appeal and Error A d—**

The denial of a motion to dismiss on the ground that the complaint fails to state a cause of action is not appealable.

**2. Same—**

The overruling of a demurrer on the ground that the complaint fails to state a cause of action is appealable.

**3. Banks and Banking H a—**

An action to vacate a stock assessment made under C. S., 218 (c), and to restrain execution thereon is a direct attack upon the summary judgment of assessment.

**4. Pleadings D e—**

A demurrer admits facts properly pleaded, but not inferences or conclusions of law.

**5. Banks and Banking H a—Complaint failing to allege that plaintiff is not owner of stock fails to state cause to vacate assessment.**

In an action to vacate a stock assessment made against plaintiff by the Commissioner of Banks under C. S., 218 (c), and to restrain execution upon the summary judgment of assessment, a complaint failing to allege that plaintiff was not a stockholder of the bank at the time of its closing, fails to state a cause of action for the relief sought, and an allegation that there was no certificate of stock standing in plaintiff's name upon the books of the bank at the time is insufficient, since plaintiff may be an equitable owner of stock and liable to assessment notwithstanding such fact. C. S., 219 (a).

**6. Pleadings E d—**

After judgment overruling defendant's demurrer is reversed on appeal, plaintiff may ask to be allowed to amend his complaint, if so advised. C. S., 515.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant Hood, Commissioner of Banks, from *Small, J.,* at June Term, 1935, of WAYNE.

Civil action to restrain execution, and to vacate as illegal and void levy of stock assessment made under C. S., 218 (c).

The complaint alleges:

1. That the Citizens Bank of Mount Olive closed its doors on 24 December, 1931.

2. That thereafter the defendant Commissioner of Banks, "illegally and without due process of law," levied an assessment against the plain-

tiff in the sum of $800, as an alleged stockholder in said bank, and docketed same in the Superior Court of Wayne County.

3. That plaintiff is advised, informed, and believes said assessment is void for that: "There was not, at the time said assessment was made by Gurney P. Hood, Commissioner of Banks, any certificate of stock appearing upon the books of record of the Citizens Bank of Mount Olive in the name of C. W. Oliver, the plaintiff herein."

Wherefore, plaintiff prays for restraining order, and that said assessment be declared illegal and void.

Motion by defendant to dismiss and demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action. Motion denied and demurrer overruled. Exception.

Defendant Commissioner of Banks appeals, assigning error.

*Langston, Allen & Taylor for plaintiff.*
*Kenneth C. Royall, D. C. Humphrey, J. C. Eagles, Jr., and Robert A. Hovis for defendant Commissioner of Banks.*

STACY, C. J. The ruling on the motion to dismiss is not appealable. *Plemmons v. Imp. Co.,* 108 N. C., 614, 13 S. E., 188. The ruling on the demurrer is. *Griffin v. Bank,* 205 N. C., 253, 171 S. E., 71.

The appeal of the plaintiff from the levy of assessment was before us at the Spring Term, 1935, on a procedural question. *In re Bank,* 208 N. C., 65, 179 S. E., 24.

The present proceeding is a direct attack upon the summary judgment of assessment. *Craddock v. Brinkley,* 177 N. C., 125, 98 S. E., 280; Note, Ann. Cas., 1914 B, 82; 15 R. C. L., 839.

The demurrer admits facts properly pleaded, but not inferences or conclusions of law. *Distributing Corp. v. Maxwell, Comr., ante,* 47; *Phifer v. Berry,* 202 N. C., 388, 163 S. E., 119.

It is not alleged in the complaint that plaintiff was not a stockholder in the Citizens Bank of Mount Olive at the time of its closing, and, for this reason, not liable to assessment. He has carefully avoided making such allegation, it seems. The only ground upon which he seeks to avoid the judgment of assessment is that there was no certificate of stock standing in his name upon the books of the bank at the time of the assessment. *Non constat* that he may not have been an equitable owner of stock. C. S., 219 (a); *Corp. Com. v. McLean,* 202 N. C., 77, 161 S. E., 854; *Darden v. Coward,* 197 N. C., 35, 147 S. E., 671; *Corp. Com. v. Murphey,* 197 N. C., 42, 147 S. E., 667. The complaint is bad as against a demurrer.

It is still open to the plaintiff, however, to ask to be allowed to amend his complaint, if so advised. C. S., 515; *Morris v. Cleve,* 197 N. C., 253, 148 S. E., 253; *McKeel v. Latham,* 202 N. C., 318, 162 S. E., 747; *S. c.,* 203 N. C., 246, 165 S. E., 694.

Reversed.

DEVIN, J., took no part in the consideration or decision of this case.