MRS. MAE BRIDGERS SCOTT v. R. G. HARRISON.

(Filed 20 March, 1940.)

1. **Appeal and Error § 49—Held: Opinion reversing judgment overruling demurrer merely indicated plaintiff might move to amend under C. S., 515.**

In reversing the judgment of the lower court overruling defendant's demurrer, the opinion of the Supreme Court stated that plaintiff will be given a reasonable time to amend her complaint, if she so desires. There was no motion by plaintiff in the Supreme Court to be allowed to amend. *Held:* The statement, certainly when read in connection with the preceding sentence of the opinion, merely indicated to plaintiff that the procedure to amend under the provisions of C. S., 515, was still open to her, and the opinion of the Supreme Court does not entitle her to file amended complaint as a matter of right without notice to defendant.

2. **Pleadings § 23—**

When the Supreme Court reverses the judgment of the lower court overruling defendant's demurrer, plaintiff upon three days notice to defendant may move in the Superior Court within ten days after the opinion of the Supreme Court is received by the clerk, to be allowed to amend. C. S., 515.

CLARKSON, J., dissents.

SEAWELL and SCHENCK, JJ., concur in dissent.

APPEAL by defendant from *Thompson, J.,* at October Term, 1939, of VANCE.

Civil action to recover damage for alleged slander.

Upon former appeal, 215 N. C., 427, 2 S. E. (2d), 1, this Court reversed the judgment of the Superior Court of Vance County in overruling defendant's demurrer to complaint of plaintiff for that it failed to state facts sufficient to constitute a cause of action.

The record on present appeal states these facts: The opinion, certified by the clerk of Supreme Court, was received by the clerk of Superior Court of said county on 2 May, 1939. On that day plaintiff, without notice to defendant, and without leave of the court to file same, lodged in the office of the clerk of Superior Court of said county "a paper writing described as an amended complaint." Defendant, after notice dated 15 May, 1939, appeared specially to move, and on 26 May, 1939, moved to strike said "paper writing" from the files of the court for that, in the main, plaintiff has failed to move, after notice, for order permitting the filing of an amended complaint. The clerk, in the exercise of his discretion, transferred the motion to the civil issue docket to be heard by the judge at term. The motion was heard at the October Term, 1939. Defendant also moved to dismiss the action as provided by law. Both motions were denied. Thereupon, the court, in judgment entered, after reciting that "it appearing from the Supreme Court decision rendered herein that: 'Plaintiff will be given reasonable time to amend her complaint, if she so desires'; and it further appearing that amended complaint was filed on May 2, 1939, the day that the opinion was certified to the clerk of the Superior Court of Vance County, North Carolina, . . . decreed that the motion to dismiss be and the same is hereby denied, and defendant is hereby given thirty (30) days to file answer."

Defendant appeals to Supreme Court, and assigns error.

*J. P. & J. H. Zollicoffer for plaintiff, appellee.*

*A. A. Bunn, Jasper B. Hicks, and J. H. Bridgers for defendant, appellant.*

WINBORNE, J. From the facts set forth on this appeal, motions of defendant to strike from the record the proposed amended complaint of 2 May, 1939, and to dismiss the actions should have been granted.

When on the former appeal the judgment of the Superior Court overruling demurrer to complaint was reversed, the provisions of the statute, C. S., 515, as amended, were open to plaintiff to move to be allowed to amend her complaint. *Williams v. Williams,* 190 N. C., 478, 130 S. E., 113; *Morris v. Cleve,* 197 N. C., 253, 148 S. E., 253; *McKeel v. Latham,* 202 N. C., 318, 162 S. E., 747; *White v. Charlotte,* 207 N. C., 721, 178 S. E., 219; *Oliver v. Hood, Comr.,* 209 N. C., 291, 183 S. E., 657; *Bank v. Gahagan,* 210 N. C., 464, 187 S. E., 580.

Under C. S., 515, as amended the plaintiff, upon notice of three days and within ten days after the opinion of the Supreme Court was received by the clerk of the Superior Court, could have made motion to amend. If the motion be not granted, judgment shall be entered dismissing the action. C. S., 515.

Plaintiff failed to proceed under said statute. On the other hand, she elected to act upon the conclusion that the statement in the former opinion with regard to plaintiff being given reasonable time to amend her complaint is a self-executing order. Indeed, in rendering the judgment below it appears that the court was actuated by the same impression. However, a reading of the sentence quoted from that opinion in connection with that which immediately precedes, the meaning is not in doubt. When so read, it is clear that the opinion merely indicated to plaintiff that the way was still open to her to amend her complaint, if she should so desire. Moreover, recurring to record on former appeal it appears that plaintiff made no motion in this Court to be allowed to amend. That question was not then under consideration.

For a decision on this appeal, it is unnecessary to consider other questions of law raised by the appellant.

The judgment below is

Reversed.

CLARKSON, J., dissenting: The concluding statement of the opinion in the former appeal was, *"Plaintiff will be given reasonable time to amend her complaint, if she so desires. The judgment overruling the demurrer is reversed."* In my opinion, both the plaintiff and the judge below were correct in interpreting this as an order of this Court permitting plaintiff to amend. The words are plain, clear and positive. Nor are they, in my opinion, altered in meaning by the sentence preceding the quoted statement, as that sentence merely distinguished the case under consideration from an earlier case. As the sentence quoted above was pertinent and germane to the disposition of the case it was well within the scope of the former appeal (*Riley & Co. v. Sears & Co.,* 156 N. C., 267), and became a part of the "law of the case." As such it was binding on the lower court and is now binding on this Court. *Stanback v. Haywood,* 213 N. C., 535; *George v. R. R.,* 210 N. C., 58; *McGraw v. R. R.,* 209 N. C., 432; *Groome v. Statesville,* 208 N. C., 815; *Betts v. Jones,* 208 N. C., 410; and numerous interim cases back to and including *James v. Withers,* 126 N. C., 715. All matters determined on the first appeal are *res judicata* on subsequent trials, and appeals here. *Warden v. McKinnon,* 99 N. C., 251; *Pretzfelder v. Ins. Co.,* 123 N. C., 164; *Harrington v. Rawls,* 136 N. C., 65. Where the trial court proceeds in substantial conformity with an opinion of this Court in a cause,

the action of the court below in so doing cannot be questioned on a second appeal here. *Bradsher v. Cheek,* 112 N. C., 838. A judgment of a trial court founded on the intimation and direction of this Court in a prior appeal will not be disturbed. *Kramer v. R. R.,* 128 N. C., 269. This is true even where it is found on the second appeal that the prior opinion was incorrect (*Bank v. Furniture Co.,* 120 N. C., 475), or erroneous (*Hospital Assn. v. R. R.,* 157 N. C., 460), and that the earlier appeal was premature (*Yates v. Ins. Co.,* 176 N. C., 401).

Not only am I convinced that we are precluded, by numerous authorities from disturbing what has been done in accordance with the prior opinion, but I am likewise convinced that this Court had plenary power to grant to plaintiff an opportunity to amend. C. S., 547, provides, "The judge or court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any' pleading, process or proceeding. . . ." Nor is this Court dependent solely upon the statute for this power. As was pointed out in *Bank v. Sherman,* 101 U. S., 403, 25 L. Ed., 866, the allowance of amendments is incidental to the exercise of all judicial power, and is indispensable to the ends of justice. With his usual precision and clarity, the late Dr. McIntosh stated the rule as follows: "The courts have inherent power, independent of statute, to amend pleadings, and they may exercise this power in their discretion, unless prohibited by some statute, or vested rights would be disturbed, or the rights of the parties would be injuriously affected." N. C. Practice and Procedure, p. 512. This Court having exercised this discretion and there having been no challenge of the power, by petition to rehear or otherwise, the order permitting the amendment was binding upon the lower court and upon this Court in subsequent proceedings in this cause.

C. S., 515, on which the defendant relies in this case, cannot be held to affect the inherent jurisdiction of this Court over cases that are properly here on appeal, nor prevent the Court from making any such orders as may appertain to justice, or prescribing or directing what may be done therein after the case goes back. It does not even partially suspend the power of this Court with respect to the allowance of amendments or directing that amendments be allowed; otherwise, the jurisdiction of the Court, and the rules and orders it makes, would be made subject to statutory control.

That the Court had power to permit the amendment to the pleading, and to make an order in that respect which must be obeyed by the court below, I think cannot be successfully controverted. The order here provided for a reasonable time to file an amendment, and it was clearly the intention of the court to permit it. What that reasonable time might be was left to the discretion of the court below, but the order of this

Court is unaffected by the fact that it did not set a definite time. The statute can only be considered as controlling where the Supreme Court has not exercised its constitutional and inherent power in the matter. Constitution of North Carolina, Article IV, sec. 8.

SCHENCK and SEAWELL, JJ., concur in dissent.